## FULLIAM v. THE CITY OF MUSCATINE.

1. **Practice on Appeal:** EVIDENCE TO SUPPORT VERDICT: WHEN NOT CONSIDERED. Where it is assigned as error that the verdict is not supported by the evidence, but the assignment is not argued, and the abstract does not purport to contain all the evidence, the assignment will not be considered.

2. **Cities and Towns:** DUTY AS TO KEEPING STREETS IN REPAIR. This court is not prepared to say that it is the duty of a city to keep every street safe for travel throughout its entire width, regardless of its location, amount of travel, and all other circumstances; at least an instruction to that effect was not called for by the facts in this case.

3. ———: INJURY TO TRAVELER ON DEFECTIVE STREET: DUTY TO TAKE SAFE STREET. In an action against a city by a physician, who had a large practice, and knew the condition of the streets, for a personal injury occasioned by a defective street, the court rightly refused to instruct the jury that the city could not defend by a showing that there were other streets which plaintiff might have taken, and avoided the injury. (Compare *Parkhill v. Brighton*, 61 Iowa, 103.)

4. **New Trial:** MISCONDUCT OF JURY. Where one of the jurors made affidavit that the character and standing of the plaintiff were canvassed and discussed by the jury, and that, in his opinion, the discussion had a good deal to do with the decision of the case, *held* that this was not sufficient to overcome the presumption that the sworn jurors kept themselves, in the finding of their verdict, within the line of their duty, and that a new trial on that ground was properly refused.

*Appeal from Clinton Circuit Court.*

SATURDAY, DECEMBER 18.

ACTION to recover for a personal injury. There was a trial

to a jury, and verdict and judgment were rendered for the defendant. The plaintiff appeals.

*D. C. Cloud*, for appellant.

*H. J. Lauder*, for appellee.

ADAMS, CH. J.—The plaintiff was injured while driving, on a dark night, on one of the streets of the defendant city. He testified, in substance, that a dangerous excavation or washout had occurred, and had been allowed to remain on one side of the street, and that in the darkness of the night, while using due care, he inadvertently drove into it, and his buggy was upset. The defendant contended that the plaintiff was not using due care, and that the proximate cause of the upsetting of the plaintiff's buggy was not the condition of the street, but the breaking of the plaintiff's harness, allowing the buggy to run upon the horse, and that the harness was defective and unfit for use, as the plaintiff knew.

I. The first error assigned is that the verdict is without support in the evidence. But the assignment is not argued, 1. PRACTICE on appeal: and, besides, the abstract does not purport to be an evidence to abstract of all the evidence. The appellant has, support verdict: when to be sure, set out a copy of the certificate of the not considered. short-hand reporter, and of the judge who tried the case. But those certificates pertain to the record, and have nothing to do with the abstract. If the abstracter intended that the abstract should be taken as an abstract of all the evidence, a statement to that effect should have been made by him. We may say, however, that it appears to us all, upon a separate reading of the evidence as it is shown to us, that the verdict is not without support.

II. The plaintiff asked an instruction in these words: " The duty which the law imposes on a municipal corporation 2. CITIES and to keep its streets in a reasonably safe condition towns: duty as to keeping for the passage of pedestrians and vehicles streets in repair. extends to the whole width of the street." This instruction the court refused, and the plaintiff assigns the

refusal as error.   The court instructed the jury, in substance, that, if the street was not safe for persons passing over the same in buggies while using reasonable care, and the city had knowledge of the unsafe condition, or should have such knowledge, it was guilty of negligence.   In giving this instruction it appears to us that the court fully covered the point.   We are not prepared to say that it is the duty of a city to keep every street safe for travel throughout its entire width, regardless of its location, amount of travel, and all other circumstances.

III.   The plaintiff asked an instruction in these words: "It is no defense to an action for damages for a personal injury, by reason of negligence, that there were other streets which plaintiff could have traveled, and a city cannot defend by showing that there were other streets which plaintiff might have taken, and avoided the injury." This instruction the court refused, and the plaintiff assigns the refusal as error.   It may be that the mere fact that there were other streets which the plaintiff might have safely taken would not show contributory negligence.   But there was evidence tending to show that the plaintiff was a resident of the city, and a physician of an extraordinarily large practice, and was seen passing over the street three or four times a week.   If he knew the street to be in as bad condition as he claims that it was, and the night was very dark, it was a fair question as to whether he should not have taken some other street if he could conveniently have done so.   A person cannot be excused if he knowingly and consciously incurs danger which there is no necessity for incurring. *Parkhill v. Brighton*, 61 Iowa, 103.   We see no error in refusing the instruction.

IV.   Finally, it is said that the verdict should have been set aside for misconduct of the jury.   It is said that the jury, after they retired to their room, entered into an improper discussion.   One of the jurors made an affidavit that the character and standing of the plaintiff

were canvassed and discussed by the jury, and that, in his opinion, the discussion had a good deal to do with the decision of the case. But the showing of misconduct is a very weak one. The plaintiff claimed damages in the sum of $10,000, and based his large claim, in part, upon his large practice as a physician. If what he testified to was true, he must have had a very high professional character and standing. If that was what the jury discussed, they could hardly be said to be outside of the record. But, even if the discussion was outside, there is no reason to suppose that any juror regarded it as having any bearing upon the case. No one's statement appears to have been received as evidence. A verdict cannot be set aside for every idle word which is dropped in the jury-room. The presumption is that the sworn jurors kept themselves, in the finding of their verdict, within the line of their duty. The mere opinion of the jurors whose affidavit was introduced cannot be received as of any importance. We do not think that the court would have been justified in setting aside the verdict for the alleged misconduct of the jury.

The judgment must be

　　　　　　　　　　　　　　　　　　AFFIRMED.