sidered than those proofs. The return upon that, as upon all other matters, must be taken as true. People v. Wurster, 149 N. Y. 549, 44 N. E. 298. If, as asserted by the relator, his record was referred to by the commissioners in deciding the question of his guilt or innocence, that fact should have been made to appear by the return. As it does not appear, we must assume, as was assumed by the court in People v. Roosevelt, 2 App. Div. 536, 38 N. Y. Supp. 27, that the record itself was not considered, and had no bearing upon the question of his guilt. After the respondents had determined that the relator was guilty of the charges against him, it was perfectly proper that they should consider his record, upon the question of the punishment to be inflicted upon him. If it was used only for that purpose, its use was entirely unobjectionable; and, upon the facts which are made to appear here, we must assume that the record was used for no other purpose than it might properly have been used for.

We find no error in the proceedings, and they should be affirmed, with costs. All concur.

---

(17 App. Div. 349.)

O'ROURKE v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. May 7, 1897.)

MUNICIPAL CORPORATIONS—PUBLIC PARKS—DANGEROUS WALKS.

It is not the duty of a city to maintain a light at a place where stone steps are constructed in a walk in a park, so that persons walking there in the night may have their attention called to the steps.

Appeal from trial term, New York county.

Action by Leonora M. O'Rourke against the mayor, aldermen, and commonalty of the city of New York for personal injuries. The complaint was dismissed at the trial, and plaintiff appeals. Affirmed.

Argued before RUMSEY, WILLIAMS, O'BRIEN, INGRAHAM, and PARKER, JJ.

Edward J. McGuire, for appellant.
Theodore Connoly, for respondent.

WILLIAMS, J. The action was brought to recover damages for injuries to the plaintiff alleged to have been caused by the negligence of the defendant. On May 7, 1894, the plaintiff, with Mr. and Mrs. Charles Barrett, went for a walk in Central Park, New York City, about 9 o'clock in the evening. They were walking northerly upon the path which surrounds the upper Croton reservoir, and on the westerly side. It was a clear night. The sky was cloudless, and the stars were shining, but the moon was not out. The path was about 13 feet wide, and was constructed of crushed stone. They came to three stone steps extending across the whole path. The width of each step was 14 inches, and the height 6 inches. They were walking along briskly, side by side, talking with each other. They did not observe the steps, and fell down them, and the plaintiff was quite seriously injured. It was not claimed at the trial, and it is not claimed now, that any recovery could be had by reason of a defective construction of the path or steps. The only claim is that

it was the duty of the city to have maintained a light at the place, so that people walking there in the nighttime would have their attention directed to the steps. We may assume, for the purposes of this appeal, that it was the duty of the city to maintain the walks in Central Park in a reasonably safe condition for the use of the people who had occasion to go there for business or pleasure. This duty was not to keep the walks absolutely safe, at night as well as in the daytime, but to keep them reasonably safe. The park is more or less irregular in its surface, and its walks and drives. The beauty of the park is much enhanced thereby. There are hills and valleys, rocks and lawns, lakes, and trees and bushes, and winding pathways over all the irregular surface of the land, and in and out among the trees and bushes. It could not well be claimed that it would be an improper construction to connect different surfaces of the walks with steps like those in question. The walks would not be so safe to travel as if they were a continuous surface, but architectural beauty requires variety in the walks of a park, which would not be found in the walks of streets. The trees, bushes, and structures in a park tend to make the walks shady in the daytime and dark in the nighttime. The walks in the park are not, however, expected to be used at night to the same extent that the walks in the streets are used. Negligence is the failure to perform some duty required by law. The duty of the city of New York as to the walks in Central Park is one of reasonable care, and the care to be exercised is to be commensurate with the danger to be apprehended. The walks in the park are not generally used in the nighttime for pleasure travel, and we do not think it should be held that the city has the legal duty imposed upon it to light up its walks in the park so that the attention of people will necessarily be called to irregularities like these steps that are found in different parts of the park. The people who choose to walk in the park for pleasure at night have no right to assume that the surfaces of the walks are continuous, as they might do with reference to the walks of a street; and they have no right to walk along, regardless of the fact that the surfaces of the walks are not continuous, and when they fall down steps like these, which they have not observed, call upon the city to respond in damages for their injuries, which they are themselves responsible for. We cannot assent to the proposition that it is the duty of the city to keep the dark and shady and irregular places in the walks about Central Park lighted up in the nighttime so that persons walking therein for pleasure cannot be injured through their own carelessness. The duty as to lighting the walks of the park is entirely different from the duty as to lighting the most frequented streets of the city, the stations of the elevated roads, and of the Brooklyn Bridge. The duty to light the railroad stations, especially, grows out of the great danger to be apprehended from the darkness, by reason of the large number of people frequenting those places. Reasonable care requires the lighting in those cases, but does not require it in the case of the walks in Central Park.

We think the judgment and order appealed from should be affirmed, with costs. All concur.