JOHN J. WORRELL, Plaintiff and Appellee, v. THE CITY OF BLOOMFIELD, Defendant and Appellant.

**Municipal corporations:** STREETS: NUISANCE: EVIDENCE. The plaintiff in this action is seeking to recover damages for injury to a horse hitched in defendant's street at a hitching post, around which wood ashes had been deposited resulting in the formation of lye which caused the injury to the horse. It is defendant's contention that the hitching post was not in the street but outside of the street line, and that the nuisance complained of was beyond its limits, although there was nothing visible to indicate the line of the street. *Held,* that the evidence was sufficient to support a finding that the hitching post was upon a strip of land used as a part of the street and was appurtenant thereto, and that the question of the location of the hitching post was properly submitted to the jury.

*Appeal from Davis District Court.*—HON. C. W. VERMILLION, Judge.

MONDAY, OCTOBER 24, 1910.

ACTION for damages for alleged injury to plaintiff's horses, caused by an alleged nuisance in one of defendant's streets. The answer was a general denial. Verdict and judgment for plaintiff for $100. Defendant appeals.—*Affirmed.*

*John F. Scarborough,* for appellant.

*Payne & Goodson,* for appellee.

EVANS, J.—The record in this case is voluminous, and the assignments of error are very many. These latter, however, all circle about one main contention, namely, that

the alleged injury to plaintiff's horses occurred, not upon the street of the defendant, but upon a strip of ground adjacent thereto. Madison Street is one of the main business streets of the defendant city. It extends north and south, and it runs along the west side of the Courthouse Square. A reference to the following photograph of said street will be an aid to an understanding of the case:

The plaintiff drove his team along this street, and turned it to one of the hitching posts which appear in the photograph on the east side. At the foot of this post some wood ashes had been deposited the night before in a depression or cavity. During the night a heavy rain had fallen, which resulted in the formation of lye, as contended by plaintiff. By the action of the horses, this lye was splashed about their legs to the alleged serious injury of the horses. Evidence was introduced, on behalf of the plaintiff, tending to show that such ashes were deposited at such place by the direction of the mayor of the city. The evidence was such as to warrant a finding that the same constituted a nuisance. On the part of the defendant, it was denied that the mayor directed the deposit of such ashes, or had any knowledge thereof. It was also contended that the line of hitching posts was outside the line of the street, and that the nuisance complained of was likewise beyond the limits of the streets. Because of this alleged fact, it is contended, also, that a verdict should have been directed for the defendant.

A few salient facts are undisputed. Madison Street, as laid out in the original plat of the town, was eighty feet wide. What now appears upon the plat as Courthouse Square formerly belonged to the town. In 1872 the town dedicated the same to Davis County for courthouse purposes. Its dimensions as they appear upon the plat were three hundred feet square. This dedication was accepted by formal resolution by the board of supervisors in 1875. In 1878 a courthouse was erected thereon, and a fence

erected about the square. The dimensions, however, of the tract which was actually inclosed by the fence, were

two hundred and seventy-five feet square, leaving a strip twenty-five feet wide adjacent to the surrounding streets. Parallel with the true east line of Madison Street, and about seven feet east thereof, a line of hitching posts has been maintained for many years. When they were first installed does not appear. For aught that appears, they had their beginning prior to the time of the dedication of the square to the county. Parallel with the hitching posts, and along the west side of the west fence of the Courthouse Square, a permanent sidewalk has been maintained for many years. There is evidence tending to show that in 1878 the county incurred some expense in paving, with stone, a strip about eight feet wide lying west of the line of hitching posts, and that in 1899 it substituted new posts for the old ones then standing. There was nothing visible indicating the true line of the street, as distinguished from the line of hitching posts and the sidewalk and the courthouse fence. There is also evidence, in behalf of the plaintiff, tending to show the exercise by the city of jurisdiction over the strip in question.

The foregoing is a very brief summary of the voluminous record. It is manifest therefrom that there was abundant warrant, under the evidence, to find that the strip in question had been used as a part of the street and as appurtenant thereto. The hitching posts themselves were appurtenant to the street, and their use as such could, without doubt, have been abated at any time by proper proceedings by the city authorities. Their use as hitching places necessarily involved the use of a part of the street proper, as distinguished from the seven-foot strip. Whether the city had exercised jurisdiction over such seven-foot strip, and whether it had thereby been used as a part of the street, was submitted by the trial court to the jury as a question of fact. This was done by instructions proper in form, of which no complaint is made. This was the proper course. The whole question is ruled by the following cases: *Kir-*

*cher v. Town of Larchwood,* 120 Iowa, 579; *Harrison v. Town of Ayrshire,* 123 Iowa, 530; *Earl v. City of Cedar Rapids,* 126 Iowa, 364; *Shannon v. Tama City,* 74 Iowa, 23.

Our conclusion at this point [1] is decisive of a large majority of the specific errors insisted upon by the appellant, both as to the admission of testimony and instructions requested and refused. Some other minor or incidental errors are alleged that are not necessarily dependent upon our holding on this question. We have examined them all, and find no prejudicial error in any ruling complained of. We are satisfied that the defendant had a fair trial, and no proper ground for reversal is shown. The judgment below will therefore be *affirmed.*