NELLIE WOODARD, Appellee v. CITY OF DES MOINES, Appellant.

NEGLIGENCE: Acts Constituting Negligence—Knowledge of Danger—Imprudent Use of Way. Use of a public way *with knowledge of its defective condition* does not constitute negligence *per se* unless it is shown, practically to the point of conclusiveness, that the one so using the way knew it was imprudent to do so.

MUNICIPAL CORPORATIONS: Defects in Public Ways—Injury in Public Park. The obligation of a municipality to keep its

ways of travel to, from, and across public parks in a reasonably safe condition is co-extensive with its duty to keep its ordinary streets in such condition.   (Sec. 753, Code, 1897.)

**HUSBAND AND WIFE:** Disabilities and Privileges—Non-Fatal Injuries to Wife—Right to Recover Expense.  A wife, in an action by her to recover for a non-fatal injury to herself, may recover for the expenses entailed by the injury, even though they have been paid by her husband.   (Sec. 3477-a, Code Suppl. Supp., 1915.)

**APPEAL AND ERROR:** Harmless Error—Withdrawal of Improper Evidence.  Exclusion of evidence subsequent to its reception, with direction to the jury to disregard it, cures the error, if any, in its reception.

*Appeal from Polk District Court.*—Lawrence DeGraff, Judge.

· December 11, 1917.

Rehearing Denied February 15, 1918.

Action at law to recover damages for personal injury. Verdict and judgment for plaintiff, and defendant appeals. —*Affirmed.*

*H. W. Byers, Guy A. Miller,* and *Thomas Watters, Jr.,* for appellant.

*Carr, Carr & Evans,* for appellee.

Weaver, J.—Plaintiff's theory of the case is that South Park, lying immediately west of South Ninth Street, at its intersection with Gray Street in the city of Des Moines, is a public park, owned and cared for by the city and opened. to public use; that the park lies considerably below the level of Ninth Street, and is reached by the public from that side by a platform and a flight of steps leading down from said street and within the park area; and that they have, in fact, been in use by the public for many years, more especially as a means of access to a line of street railway, which

crosses the park. In March, 1915, plaintiff, desiring to go from her residence west of the park to the railway, took the usual route down the steps, and in so doing, and while using due care on her own part, the steps, or one of them, gave way, or slipped, in such manner as to cause her to fall to the bottom of the flight, whereby she was severely injured. She charges the city with negligence in making the steps too steep, and in failing to maintain any railing or guide for the assistance or protection of persons using the stairs; that the city had permitted the supports of the steps to become decayed, rotten, and broken; that the steps were insufficiently secured, or nailed, and some not nailed at all; and that, because of these defects, plaintiff was made to fall, and receive her injuries.

The defendant denies that it constructed or maintained the steps complained of; denies that it was in any manner negligent; and alleges that, if injured, plaintiff contributed thereto by her own negligence.

There was a trial to a jury, and verdict returned for plaintiff for $1,400. Defendant's motion in arrest and for new trial was denied, and judgment entered on the verdict. Defendant appeals.

I. The first proposition argued for appellant is that plaintiff was guilty of contributory negligence.

1. NEGLIGENCE: acts constituting negligence: knowledge of danger: imprudent use of way.

This claim is based on the testimony of plaintiff that she had used the steps, and knew that they were "kind of wobbly." She further says that, on some former occasions, she noticed that the steps were "loose and dropped down." She adds, however, in the same connection, "but had been fixed before I was hurt." This is the only direct testimony of plaintiff's knowledge of the defective condition, and it falls materially short of a showing which will constitute negligence, as a matter of law. The use of a public way known to be defec-

tive is not necessarily negligence *per se.* This has been very often decided. *Hollingsworth v. City of Fort Dodge,* 125 Iowa 627; *Sylvester v. Incorporated Town of Casey,* 110 Iowa 258; *Byerly v. City of Anamosa,* 79 Iowa 204; and numerous other cases to the same effect. In order to con- stitute such action on plaintiff's part contributory negli- gence, it must further appear that she knew it was impru- dent for her to use the steps; and this cannot be so held as a matter of law, unless she admits such knowledge on her part, or it is shown by other evidence so conclusively that she will not be heard to deny it. There is no such showing here. It appears that, notwithstanding the fact that the steps were more or less unsteady, and swayed, to some ex- tent, under the feet of travelers, they were in daily use by many people, and plaintiff herself had been able to use them without accident or injury, on frequent occasions. The fact that the city left the passage over these steps open to public use, and, as is shown, had but recently made some minor repairs thereon, was, to a degree, an invitation to the public to continue their use. The trial court very properly left the question of contributory negligence to the jury.

The case of *Moore v. Des Moines City R. Co.,* (Iowa) 123 N. W. 324 (not officially reported), cited by appellant, is hardly in point. That action was between master and servant and involved the question of assumption of risk— a rule or principle which does not enter into this case.

II. It is argued in a rather tentative way that the statute does not charge cities 2. MUNICIPAL CORPORATIONS: defects in pub- lic ways: in- jury in pub- lic park. with care of their parks in such a way as to make them liable for injuries occurring therein. The provision made by the statute in this respect (Code Section 753) is as follows: .

"They shall have the care, supervision and control of all public highways, streets, avenues, alleys, public squares and commons within the city, and shall cause the same to

be kept open and in repair and free from nuisances."

It is true that the word "park," or "parks," is not found therein, but we think without doubt the same idea is to be found in the words "public squares and commons." The word "park," as applied to pleasure grounds and spaces or open places for public use or public recreation owned by towns and cities, is very largely one of quite modern usage, and until recent years, such places were, in popular speech, spoken of as squares and commons; and it is quite clear that the quoted section of the Code is the source of both municipal authority and municipal obligation with respect to public parks. It will be noted that the legislature has classed them in the same section with highways, streets, avenues, and alleys, and that the duty of the city as to the care of one is no less imperative than is its duty with respect to the others. The objection raised by appellant upon this ground cannot be sustained.

3. HUSBAND AND WIFE: disabilities and privileges: non-fatal injuries to wife: right to recover expense. III. Finally, it is objected that plaintiff was permitted to prove certain expenses incurred for the treatment of her injuries, some of which had been paid by her husband; and it is said that for such expenses plaintiff has no right of action.

A recent act of the legislature makes the wife competent to sue and recover for the expenses incurred in her treatment for injuries negligently inflicted upon her. Acts of the Thirty-fourth General Assembly, Chapter 163. In *Fisher v. Ellston,* 174 Iowa 364, it was held that this section "practically takes from the husband * * * the right to recover for the things specified in the statute" which gives the wife the right to recover thereon. The defendant is, therefore, not exposed to the hazard of being sued again on behalf of the husband, and we are not disposed to hold that there was any error in permitting the wife to recover. See also *Krisinger v. City of Creston,* 141

Iowa 154, 156; *Lane v. Steiniger*, 174 Iowa 317, 319; and *Rose v. City of Fort Dodge*, 180 Iowa 331. These cases are not directly in point, but some of the discussion there found is instructive.

4. APPEAL AND ERROR: harmless error: withdrawal of improper evidence.

Exception was also taken to the admission of evidence concerning repairs made by the city upon the steps in question after the accident. Assuming that the admission of this evidence was error (which we do not decide), it was cured by the subsequent withdrawal thereof from the jury, and an instruction to the jury not to consider it.

There is no reversible error in the record, and the judgment below is—*Affirmed.*

GAYNOR, C. J., PRESTON and STEVENS, JJ., concur.