LOUIS W. COX, Appellant, v. CITY OF DES MOINES, Appellee.

No. 46005.

December 15, 1942.

Rehearing Denied April 9, 1943.

C. S. Missildine, of Des Moines, for appellant.

F. T. Van Liew and Sol Glick, both of Des Moines, for appellee.

SAGER, J.— The petition charges in substance that in one of appellee's parks there is a building leased by it to various organizations for the holding of meetings and social gatherings. Along this building is a sidewalk maintained by appellee. On the 17th day of May 1941, about midnight, appellant was leaving a party held in the building, by way of this sidewalk. While so doing he inadvertently stepped off the edge of it, his foot slipped on a steep incline, and he fell into a pit and was injured. This pit was about eight feet deep, had a concrete floor, and was about nine feet from the edge of the walk. The petition further alleged that the ground between the sidewalk and the pit was covered with grass and sloped abruptly to the pit. On the night of the accident the grass was damp, very slick and smooth, and when appellant stepped off the sidewalk his feet slipped from under him and he fell into the pit.

The demurrer challenged the sufficiency of the petition on

the ground that the injuries which appellant sustained were not the result of the breach of any duty owed by appellee; that it was not alleged that there were any defects in the sidewalk itself; that appellant was guilty of contributory negligence; and that in the maintenance of the park appellee was engaged in the discharge of a governmental function.

As thus outlined it will be seen that there are presented for solution these propositions: (1) Was the maintenance of the pit described, so close to the sidewalk in a park, negligence (2) if there was negligence, did the maintenance of this sidewalk and surroundings fall within the domain of municipal activities for which appellee was not liable (3) was the appellant free from contributory negligence? Much argument is devoted to the second proposition. For reasons which will appear, we are not called upon to discuss that subject at any length. Neither need we be interested in cases from foreign jurisdictions.

Section 5945, 1939 Code of Iowa, provides:

"They shall have the care, supervision, and control of all public highways, streets, avenues, alleys, public squares, and commons within the city, and shall cause the same to be kept open and in repair and free from nuisances."

In dealing with this Code provision, we said, in Woodard v. City of Des Moines, 182 Iowa 1102, 1106, 165 N. W. 313, 314:

"It is true that the word 'park,' or 'parks,' is not found therein, but we think without doubt the same idea is to be found in the words 'public squares and commons.' The word 'park,' as applied to pleasure grounds and spaces or open places for public use or public recreation owned by towns and cities, is very largely one of quite modern usage, and until recent years, such places were, in popular speech, spoken of as squares and commons; and it is quite clear that the quoted section of the Code is the source of both municipal authority and municipal obligation with respect to public parks. It will be noted that the legislature has classed them in the same section with highways, streets, avenues, and alleys, and that the duty of the city as to the care of one is no less imperative than is its duty with respect to the others."

This pronouncement was followed and reaffirmed in Hensley v. Incorporated Town, 203 Iowa 388, 212 N. W. 714. See, also, Worrell v. City of Bloomfield, 148 Iowa 691, 127 N. W. 1082.

■ Appellee relies upon the proposition that public-park walks are for purposes governmental and that there is no liability on the part of the city which maintains them. It is to be admitted that language will be found in some of appellee's citations which seems to justify that claim but an examination of them discloses that none deals with situations similar to the one before us. The difference between this case and those cited by appellee is apparent if the provisions of section 5945, 1939 Code, be kept in mind. Thus, Smith v. City of Iowa City, 213 Iowa 391, 239 N. W. 29, deals with the case of a boy hit by a defective "teeter-totter"; Norman v. City of Chariton, 201 Iowa 279, 207 N. W. 134, deals with an injury which plaintiff sustained by contact with a grading machine in use in a park; Abbott v. City of Des Moines, 230 Iowa 494, 298 N. W. 649, 138 A. L. R. 120, has to do with the destruction of an airplane in a municipal airport; in Rowley v. City of Cedar Rapids, 203 Iowa 1245, 212 N. W. 158, 53 A. L. R. 375, plaintiff's claim was based on an injury caused by a municipal automobile; and Mocha v. City of Cedar Rapids, 204 Iowa 51, 214 N. W. 587, involves a bathing-beach accident. Fulliam v. City of Muscatine, 70 Iowa 436, 30 N. W. 861, while tending to support appellee's contention, is an early case which lays down the rule that municipal corporations are required to keep their streets in reasonably safe condition in the traveled portion of a street. This case is strictly one of the "horse and buggy days."

■ Appellee argues further that inattention to a defect constitutes negligence unless there be something diverting attention. To this proposition we are cited to Alline v. City of Le Mars, 71 Iowa 654, 33 N. W. 160, and McLaury v. City of McGregor, 54 Iowa 717, 719, 7 N. W. 91. In the first case it was decided that a pedestrian, who voluntarily and without necessity, steps from the walk without knowing that he can do so safely, and steps in a hole near the walk, is guilty of contributory negligence. In the McLaury case plaintiff stepped into an opening, in plain sight, from a sidewalk five feet wide. This court in that case said:

"Now it appears to us that where a person is walking upon a sidewalk as wide as this one, and is in the enjoyment of such degree of light, and such eyesight as to be able to discern it, and steps off by inadvertence or want of attention and receives an injury, such person cannot be said to be in the exercise of reasonable care."

In the case before us, the accident happened near midnight and there is nothing to show that appellant had familiarity with his surroundings.

But appellee urges that the petition alleges that appellant "inadvertently" stepped off the sidewalk; that inadvertence' is synonymous with negligence, and, as a consequence, the pleading admits that appellant was careless. Among the citations to this proposition is Bender v. Incorporated Town of Minden, 124 Iowa 685, 100 N. W. 352. In that case plaintiff, in broad daylight, stepped into a hole in the sidewalk three and one-half to four feet by seven or eight feet, along which he had been standing for fifteen to twenty minutes. Conceding that a dictionary definition of "inadvertence" is "heedlessness, carelessness, thoughtlessness," the mere use of that word cannot of itself be determinative when the facts are before the court. The rights of litigants may not be made to depend on the accidental (or should we say "inadvertent"?) choice of words. See Hall v. Incorporated Town of Manson, 99 Iowa 698, 68 N. W. 922, 34 L. R. A. 207.

When the whole matter is summed up, the question is, Was appellant negligent as a matter of law, and was appellee free from liability whether negligent or not? The trial court ruled that it was not; we differ, holding that the court should have overruled the city's demurrer.

It follows that the judgment of the trial court is reversed.— Reversed.

HALE, GARFIELD, STIGER, and BLISS, JJ., concur.

WENNERSTRUM, C. J., and MITCHELL and MILLER, JJ., dissent.

WENNERSTRUM, C. J. (dissenting)—I am unable to agree with the conclusion reached in the majority opinion and therefore respectfully dissent. The vital question that is presented in this case is as to whether or not the rule that we have heretofore adhered to, that the maintenance and operation of a park by a municipality is a purely governmental function and the municipality is not liable for its construction or maintenance, shall be followed. The majority opinion, in effect, overrules many of our prior decisions although there is no direct statement so holding. If our decisions in prior cases are to be changed, we should do so by a direct holding rather than to endeavor to· distinguish this case from our prior cases.

A brief résumé of the factual situation as disclosed by the pleadings seems imperative in connection with this dissent.

The walk in question was within the limits of the park and was the means of entrance to a park building or lodge from a vehicular drive. This walk was not along a public thoroughfare through the park but was a part of the park. The distance between the sidewalk and the pit was nine feet and was a grassy slope. The plaintiff's petition does not allege that there was any defect in or on the walk. The plaintiff's claims of negligence were that the city failed to maintain a guardrail around the pit, in failing to maintain a light so that plaintiff could see the pit, and in failing to place a warning sign near the pit. With these facts before us, let us then give consideration to our prior holdings.

In Smith v. City of Iowa City, 213 Iowa 391, 394, 395, 239 N. W. 29, 30, we said:

"The construction and maintenance of a public park by a municipality has been repeatedly held in this state to be a purely governmental function. [Citing cases.]

"The rule long established in this state is that a municipality, in the exercise of its purely governmental function, is not liable for negligence. [Citing cases.]

"Governmental functions are exercised by municipalities for the benefit of the public. They are acts from which the city, as a municipality, derives no peculiar advantage, pecuniary or otherwise, but acts and functions designed to advance and con-

serve the convenience, comfort and welfare of the public. Clearly, therefore, the appellee city is not liable for the mere failure of its park board to keep and maintain the instrumentality or device in question, which was a part of the equipment of a public park established by the municipality in the exercise of governmental functions, free from danger.''

This court also, in the case of Norman v. City of Chariton, 201 Iowa 279, 280, 283, 207 N. W. 134, 136, in commenting upon the liability of a municipality for claimed negligence in the construction and maintenance of a city park, made the following statement:

''There is no dispute about the general principles involved. It is conceded by appellant 'that there is no liability on the part of the city for the negligence, misfeasance, or nonfeasance of its officers, agents, and employees in performing its governmental functions.' The issue is limited to whether the construction and maintenance of a public park by a city are the exercise of a governmental or a ministerial function.''

And later in this same opinion, we said:

''The park was maintained and was being improved for the benefit and in the interests of the public, and not for any pecuniary or other benefit or advantage to the municipality as such.

''While there are cases to the contrary, the conclusion that the construction or maintenance of a public park is the exercise of a governmental function on the part of a municipality, and that the city is under no liability for the negligence of its officers or employees engaged in such work, has the support of the weight of authority generally. [Citing cases.]''

A further Iowa case which holds that a municipality is not liable for the maintenance of a city park by reason of the fact that it is a governmental function is Hensley v. Incorporated Town, 203 Iowa 388, 212 N. W. 714. Further authorities which bear upon this question are State ex rel. Welsh v. Darling, 216 Iowa 553, 564, 246 N. W. 390, 88 A. L. R. 218, and Abbott v. City of Des Moines, 230 Iowa 494, 298 N. W. 649, 138 A. L. R. 120.

Unless this court is disposed to definitely overrule the au-

thorities heretofore set forth there should be an affirmance in this case. Consequently, I respectfully dissent from the majority opinion.

I am authorized to state that MILLER and MITCHELL, JJ., join in this dissent.