DOROTHY LINDSTROM, appellee, v. CITY OF MASON CITY, appellant.

No. 51215.

(Reported in 126 N.W.2d 292)

FEBRUARY 11, 1964.

William Pappas, of Mason City, for appellant.

Westfall, Laird & Burington, of Mason City, for appellee.

SNELL, J.—The sole question before us is the distinction, if any, between the responsibility of a city to persons using municipal facilities such as parks and the liability of other property owners to invitees.

Under our cases there is a clear line of demarcation between the responsibility of a city and that of a business proprietor or owner to an invitee. The limitations on liability appearing in business-invitee cases do not appear in cases against a city.

Defendant, City of Mason City, is a municipal corporation. The city owns and operates a public library. To the south of the library building, but on the library grounds, is a garden and wooded area open to the public. In this garden area there is a pathway covered with loose crushed rock and steps built of roughhewn stones leading to a lower level.

On May 24, 1962, plaintiff, a resident of Mason City, accompanied by her daughter, visited the library. It was their first visit there. One of the librarians mentioned with pride the

gardens and how to get there. Plaintiff and her daughter began an unattended tour of the garden area. While descending the roughhewn stone steps plaintiff fell and was injured. To recover for her injuries plaintiff sued the city alleging six specifications of negligence incident to the building and maintenance of the steps by the city, proximate cause, her own freedom from contributory negligence and damage.

The case was tried and submitted to a jury. The court's Instruction No. 6½ was as follows:

"The Court will in this instruction state to you some general rules of law and will in later instructions attempt to assist you in applying these general rules to the facts in this case.

"The first general rule of law is that the owner of premises is required to use reasonable care to protect from injury those who come upon the premises at his invitation. This rule, however, is subject to some limitations which include:

"(a) The duty to keep premises safe for invitees applies only to defects or conditions which are in their nature hidden dangers which are not known to the invitee and which would not be observed by him in the exercise of ordinary care.

"(b) The invitee assumes all normal, obvious or ordinary risks attendant upon the use of the premises.

"(c) The owner is under no duty to alter or reconstruct premises so as to obviate known and obvious dangers.

"(d) An owner is not liable for injuries which may be caused by dangers that are obvious, reasonably apparent, or as well known to the person injured as they are to the owner.

"These limitations, however, may not be construed to relieve an owner from the duty to use reasonable care to protect an invitee from injury which may arise from hidden dangers or from dangers which are unknown to the invitee, or which could not be discovered by the invitee by the use of reasonable care."

Plaintiff took timely exceptions to the giving of the instruction. The jury returned a verdict for defendant.

In a motion for new trial plaintiff attacked the propriety of this instruction in a case against a city. The trial court in a carefully considered opinion concluded that precedent if not logic made the limitations in an ordinary invitee case improper

in a case against the city. A new trial was ordered and defendant-city appealed.

■ ■ I. What is referred to as the "open and obvious rule" limiting the responsibility of an owner or occupier of premises to an invitee has been well settled. "The duty to keep premises safe for invitees applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, in that they are not known to the invitee, and would not be observed by him in the exercise of ordinary care. The invitee assumes all normal, obvious, or ordinary risks attendant on the use of the premises, and the owner or occupant is under no duty to reconstruct or alter the premises so as to obviate known and obvious dangers." 65 C. J. S., Negligence, section 50; Atherton v. Hoenig's Grocery, 249 Iowa 50, 54, 86 N.W.2d 252; see also Corrigan v. Younker Brothers, Inc., 252 Iowa 1169, 1175, 110 N.W.2d 246.

The court's Instruction No. 6½ quoted, supra, was admittedly drawn in conformity with and to state the limit of responsibility of merchants to business invitees under these cases.

The same limitations do not apply to all persons injured on the property of another. We have recently held that a higher degree of care is required in landlord-tenant common-way area matters than in ordinary business-invitee cases. Bostian v. Jewell, 254 Iowa 1289, 1295, 121 N.W.2d 141, 144.

As the trial court correctly observed our court has not held that the limitations recognized in business-invitee cases are available to a city.

The nonavailability to a city has not been expressly stated but is clear from our precedents. Most of the cases involve questions of contributory negligence, but it is clear that the conditions under which liability exists are less favorable to a city than to an individual owner or operator.

Beach v. City of Des Moines, 238 Iowa 312, 26 N.W.2d 81, exhaustively analyzes the authorities involving knowledge of the dangerous condition of a sidewalk.

In the Beach case the plaintiff knew of the condition of the sidewalk. She thought that with care she could traverse it without harm. She actually took a calculated risk and lost. The

condition of the sidewalk was open and obvious, but the so-called open and obvious rule followed in invitee cases was not recognized in the city's behalf.

In Reuter v. City of Oskaloosa, 253 Iowa 768, 113 N.W.2d 716, plaintiff sued the city for damages following a fall over a ramp extending onto a sidewalk. There was no hidden danger. The hazard, if it was such, had existed for ten years. We held plaintiff entitled to have the question of negligence created by the condition submitted to a jury.

In Engman v. City of Des Moines, 255 Iowa 1039, 125 N.W. 2d 235, we considered the liability of the city for an injury resulting from a defect in a city street. It was dark and there was no claim that plaintiff assumed the risk of an open and obvious danger, so the facts differed from the case at bar. We did, however, quote with approval authorities holding that it is the unquestioned rule of law in this state that cities and towns are required to keep all streets and public places within their limits, and open for public use, free from dangerous obstructions and pitfalls.

In Cox v. City of Des Moines, 235 Iowa 178, 16 N.W.2d 234 (second appeal), plaintiff was injured when he fell into a pit near a building in a city park. Recovery was denied when it appeared that plaintiff was not where he should have been and at a time when the park was closed for the night. These statements from the opinion are significant.

"* * * plaintiff was an invitee to the clubhouse and as such the city owed to him the duty of exercising due care in maintaining the premises in a reasonably safe condition. [Citations]

"In order for plaintiff to recover upon the theory of an injured invitee not contributorially negligent it was incumbent upon him to show (1) that he was injured during the time covered by the invitation (2) at a place where he was invited and (3) the unsafe condition of the premises, negligently allowed to exist, that was the proximate cause of the accident. * * *." (Loc. cit. 182)

An annotation disclosing pronouncements from 24 different jurisdictions on municipal liability for outdoor steps appears in

92 A. L. R.2d 469. Iowa is listed among the jurisdictions where the municipality is held liable. The cited case was decided in 1895 and the problem was not exactly the same as in the case before us. It appears, though, that for many years our court has recognized the high degree of responsibility of a city.

The law recognizing municipal responsibility is not the same in all jurisdictions and evolves from different premises. Reconciliation would be impossible. We will mention only a few instances.

In Burnett v. City of San Diego, 127 Cal. App.2d 191, 273 P.2d 345, 47 A. L. R.2d 1079, plaintiff was injured when he fell down unlighted outdoor steps of a fine arts gallery in a city park. It was dark. The lights were not turned on. There was arboreal litter on the steps such as is claimed in the case before us.

The opinion says that in the absence of a statute a city is not liable for the negligent acts of its officers and employees in discharging duties pertaining to governmental functions. Under the California Public Liability Act it was held that the city could not reasonably be required to keep a man on duty at all times to sweep up each leaf as it fell. A similar argument is made in our case. The failure to turn on the lights was held chargeable to the Fine Arts Society using the building and not to the city.

In City of Tulsa v. Harman, 148 Okla. 117, 299 P. 462, decedent, with permission, was fishing in a city water reservoir. He was swept over a high concrete dam and killed. In holding that there was no liability on the city the court applied the same rules as we follow in business-invitee cases. We note, however, that the city charged a fee for the privilege of fishing and for boat transportation by an employee and that decedent was actually a paying business invitee.

In Franklin v. City of Galveston, Tex. Civ. App., 256 S.W. 2d 997, plaintiff fell into Galveston Bay from a ramp on city-maintained waterfront docks. The Texas court in exonerating the city from liability used the same rules as applied to private occupiers of premises.

In Iowa a city's responsibility is statutory.

Chapter 389, Code of Iowa, deals with streets and public grounds. Section 389.12 provides:

"Duty to supervise. They shall have the care, supervision, and control of all public highways, streets, avenues, alleys, public squares, and commons within the city, *and shall cause the same to be kept open and in repair and free from nuisances.*" (Emphasis supplied.)

This is a statutory delegation of power. While there is a clear mandate in the last clause of the statute, municipal liability in tort actually arises from the delegation of power without any statute expressly authorizing a cause of action. Soper v. Henry County, 26 Iowa 264, 268; Florey v. City of Burlington, infra. The delegation of power carries with it a duty. The standard of care in performing the mandate is then set forth.

Cox v. City of Des Moines, 233 Iowa 272, 7 N.W.2d 32 (first appeal), quotes this statute and discusses the municipal facilities covered thereby. We will consider this in a subsequent division.

Municipal corporations in the exercise of the powers and duties delegated by the legislature are held to strict observance of the statute. East Boyer Telephone Co. v. Town of Vail, 166 Iowa 226, 231, 147 N.W. 327.

By statute the control and care of the public places designated are vested exclusively in the city and it is its duty to see that they are kept open and in repair and free from nuisances. The powers conferred are legislative in character and within the limits prescribed are plenary. Lacey v. City of Oskaloosa, 143 Iowa 704, 708, 121 N.W. 542, 31 L. R. A., N. S., 853.

These propositions are not controverted but they point to the distinction between the common-law liability of a private owner to an invitee and the statutory duty of a city. A business invitee assumes obvious and ordinary risks and a private owner is not obligated to obviate known and obvious dangers.

A city is charged with the mandatory duty of care and control and is directed to keep its streets, etc. "open and in repair and free from nuisances." When the legislature delegated specific duties and responsibilities to cities and prescribed

the standard of care it created a statutory distinction between municipal and private responsibility.

The duty of a city being statutory, mandatory and plenary, its liability in tort is determined according to the standards of the statute. The duty exists because the statute so provides.

II. The theory of governmental immunity has faded in the face of statutory·responsibility for streets and public places.

■ Damage actions against a city frequently involve the distinction between governmental and proprietary duties. This problem is discussed in Florey v. City of Burlington, 247 Iowa 316, 73 N.W.2d 770. In that case a thirteen-year-old girl while descending a pathway in a city park fell over a cliff and was injured. The opinion points out that in connection with governmental functions liability of a city does not rest on any theory of respondeat superior. To that extent there is governmental immunity. There is no such immunity when the negligence of an employee occurs in performing proprietary duties. (Loc. cit. 319)

·"It is not complete immunity from judicial accountability such as is accorded the state—only freedom from the rule of respondeat superior where the servant is engaged in governmental activity." (Loc. cit. 320)

Having disposed of the question of respondeat superior the opinion then says concerning functions under municipal control:

"* * * in delegating them the state has commanded the municipality to 'cause the same to be kept open and in repair and free from nuisances.' The latter is merely declaratory of the implied mandate of the common law, implicit in the delegation. If a failure to perform this duty results in an unsafe condition that causes injury to an individual lawfully availing himself of the tendered service, the misfeasance (or nonfeasance as the case may be) is that of the municipality itself. Liability is not predicated upon the doctrine of respondeat superior, but upon the corporation's own negligence in failing to keep the thoroughfare reasonably safe for travel or the premises safe for the public use they are designed to serve." (Loc. cit. 322)

■ ■ The liability of a city rests upon an obligation imposed by law to keep its thoroughfares and places safe for the

public use they are designed to serve. The statute does not make a city an insurer of the safety of users of its streets and places but it does impose a different standard of care than rests upon private owners. Municipal and private obligations not being the same, jury instructions peculiarly applicable to ordinary invitee cases are not appropriate in city cases.

The trial court was correct in concluding that Instruction No. 6½ was inappropriate.

III. Plaintiff was injured in a garden area adjacent to the city library building.

There are several unconnected municipal activities dealt with in separate chapters in our Code.

Among the general powers of cities and towns is the power to establish and maintain parks. Section 368.30, Code of Iowa. Chapter 378, Code of Iowa, provides for the formation and maintenance of free public libraries by cities and towns.

Section 378.3 provides for library trustees. Section 378.10 lists the powers of library trustees.

Defendant-city argues that its position and responsibility is not to be determined under the general statute, section 389.12 quoted in Division I. It is argued that maintenance of the library is governed by chapter 378 and not by chapter 389 and that resultantly liability is not the same.

Even though a city library may be administered by trustees it is city property offering a service supported primarily by city taxes. It is not comparable to city power or water departments selling a service or commodity.

It is doubtful if outlining administrative procedures in separate chapters of the Code changes the basic responsibility of the city but the question need not be discussed here.

Plaintiff in the case before us was not injured in the library. She was injured in a garden on the library grounds. The fact that the garden is adjacent to the library building and may even be supervised by library personnel does not make it a library. It is a garden and wooded area owned by the city and open to the public as a park.

The responsibility of the city for the safe maintenance of such areas is well settled.

In Cox v. City of Des Moines, supra (first appeal 233 Iowa), we quoted with approval at page 274 from Woodard v. City of Des Moines, 182 Iowa 1102, 1106, 165 N.W. 313, 314, holding that the word "park" applies to pleasure grounds and spaces or open places for public use or public recreation owned by cities and towns.

In the Cox case as shown by the second appeal (235 Iowa) the injury occurred on grounds of a municipal golf course.

If the grounds and walks around a clubhouse on a municipal golf course are a part of a park we see no reason why a garden and wooded area owned by the city should be considered anything but a park. Even though the garden area might be a part of the whole library complex for the purpose of supervision it is still a park area and not a library. It has the features of a park and none of the features of a library.

IV. Whether or not under appropriate instructions there was evidence to support a verdict for plaintiff is not before us. The sole question before us is the propriety of Instruction No. 6½ in this case. We conclude as did the trial court that the giving of the instruction was improper.

The order of the trial court setting aside the verdict and ordering a new trial on all the issues is—Affirmed.

All JUSTICES concur.