■ Michael Schry, Appellant, v City of New York et al., Respondents. [732 NYS2d 379] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Richmond County (J. Leone, J.), dated December 13, 2000, which, upon the granting of the defendants' motion pursuant to CPLR 4404 (a) to set aside a jury verdict in his favor and against them, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

Contrary to the plaintiff's contention, the Supreme Court properly granted the defendants' motion pursuant to CPLR 4404 (a) to set aside the verdict and dismissed the complaint. In order to set aside a verdict pursuant to CPLR 4404 (a), there must be "no valid line of reasoning and permissible infer-

ences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards,* 45 NY2d 493, 499). "The test is not merely whether the jury erred in its interpretation of the evidence, but whether any evidence exists to support the verdict" (*Barker v Bice,* 87 AD2d 908; *Kozlowski v City of Amsterdam,* 111 AD2d 476).

The plaintiff failed to present legally sufficient evidence that a dangerous condition existed on the park path, or that the defendants had notice of nighttime use of the unlit path by pedestrians or had a duty to provide lighting along the path (*see, O'Rourke v Mayor of City of N. Y.,* 17 App Div 349). Furthermore, while the defendants had a duty to maintain the park in a reasonably safe condition (*see, Rhabb v New York City Hous. Auth.,* 41 NY2d 200, 202), the plaintiff failed to demonstrate that they breached that duty.

The plaintiff's remaining contentions are without merit. O'Brien, J. P., McGinity, H. Miller and Adams, JJ., concur.