Pusey v Stark (2018 NY Slip Op 08048)





Pusey v Stark


2018 NY Slip Op 08048


Decided on November 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
HECTOR D. LASALLE, JJ.


2017-09459
 (Index No. 22650/14)

[*1]Josephine Gloria Pusey, appellant, 
v
Shari Levine Stark, et al., respondents.


Shapiro & Coleman, P.C., Mineola, NY (Richard H. Coleman and Sweetbaum & Sweetbaum of counsel), for appellant.
Andrea G. Sawyers, Melville, NY (Jennifer M. Belk of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated July 6, 2017. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On October 18, 2013, at approximately 8:00 p.m., the plaintiff, a home healthcare aide, tripped and fell on a stake and wire supporting a bush in a dirt flower bed immediately adjacent to the front of the defendants' house. At the time of the accident, the plaintiff, who had been working at the defendants' premises for almost a year, was trying to regain entry to the house after being accidentally locked out of the house. The plaintiff commenced this personal injury action against the defendants, alleging that the defendants were negligent in, among other things, maintaining the premises. The defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and the plaintiff appeals.
Property owners and occupiers owe a duty of reasonable care under the circumstances to keep their premises safe (see Basso v Miller , 40 NY2d 233, 240-241). The scope of that duty is defined by "the foreseeability of the possible harm" (Tagle v Jakob , 97 NY2d 165, 168), an issue which can be resolved by the court "when but a single inference can be drawn from undisputed facts" (Hessner v Laporte , 171 AD2d 999, 999).
The defendants established, prima facie, that given the position of the stake and wire in the dirt flower bed immediately adjacent to the front of the defendants' home, the failure to illuminate the stake and wire did not pose a reasonably foreseeable hazard (see Schurr v Port Auth. of N.Y. & N.J. , 307 AD2d 837; Schry v City of New York , 288 AD2d 206). The defendants were under no duty to warn of or otherwise protect the plaintiff from a condition that posed no reasonably foreseeable hazard (see Tagle v Jakob , 97 NY2d at 170). "[T]he likelihood of the injured party's presence in light of the frequency of the use of the area determines the question[ ] of foreseeability" (Baczkowski v Zurn , 235 AD2d 894, 895; see Basso v Miller , 40 NY2d at 241). Here, it was not foreseeable that the plaintiff would traverse the area where she fell. The evidence submitted in support of the defendants' motion, which included the deposition testimony of the parties, [*2]established that this area of the premises was not intended to be used as a path or thoroughfare. In opposition to the defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp. , 68 NY2d 320, 324).
Accordingly, we agree with the Supreme Court's determination to grant the defendants' motion for summary judgment dismissing the complaint.
AUSTIN, J.P., ROMAN, SGROI and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court