LEE M. FLESCH, Appellee, v. ERNEST SCHLUE, Appellant.

TRIAL: Instructions—Harmless Conflict. Two separate instructions,
1  one to the effect that plaintiff may recover if he shows *two* things,
to wit, (1) that he himself was not negligent and (2) that defend-
ant was negligent, and one to the effect that plaintiff may recover
if he shows *one* thing, to wit, that defendant was negligent, do not
present reversible error when the record shows, not only that plain-
tiff negatived his own negligence, but that there was no affirmative
evidence that plaintiff was negligent.

TRIAL: Instructions—Applicability to Evidence—Unsupported Hy-
2  pothesis. Whether the court has instructed on a hypothesis or
theory which has no support in the evidence must manifestly be de-
termined from a consideration of the evidence of *both* parties—not
from the evidence of one party only.

TRIAL: Reception of Evidence—Immaterial Rebuttal. The court may
3  permit the plaintiff to rebut the immaterial testimony of the de-
fendant.

*Appeal from Benton District Court.*—B. F. CUMMINGS, Judge.

DECEMBER 15, 1922.

ACTION for damages resulting to plaintiff's automobile by
reason of a collision with the horse of defendant, which was neg-
ligently permitted by the defendant to run at large upon the
highway on the night of the accident. The defense was a gen-
eral denial. There was a verdict and judgment for the plaintiff,
and the defendant appeals.—*Affirmed.*

*Nichols & Nichols,* for appellant.

*Tobin, Tobin & Tobin,* for appellee.

EVANS, J.—I. The accident in question happened on the
evening of November 5, 1920, and upon the highway in front
of defendant's premises. The time of it was after dark. The
defendant's horse was at large upon the high-

1. TRIAL: instruc-
tions: harmless
conflict.

way, and was not observable to the driver of
the automobile until it came suddenly in front

thereof.  The disputed question in the case is whether the presence of the horse upon the highway resulted from a want of care on the part of the defendant or his employees.  The son of the defendant testified that, shortly prior to the accident, he had put the horse in the barn and had tied him securely there and had closed all the doors, and that, therefore, he could not have escaped upon the highway except by the unauthorized act of some third person.

The principal complaint on this appeal is directed to Instruction 6 given by the trial court, and error is assigned thereon.  This instruction contained the following direction:

"You are instructed that, if the defendant by himself or his agents or servants negligently allowed his horse to be upon the public highway in question at the time alleged, then the plaintiff is entitled to recover."

The error assigned at this point is that, by the foregoing, the trial court ignored the question of contributory negligence, and permitted the plaintiff to recover regardless of contributory negligence.  Other proper instructions were given which did charge the jury that the burden was upon the plaintiff to prove freedom from contributory negligence.  This, however, only put the respective instructions in conflict, and we have repeatedly held that conflicting instructions do not cure each other.  We should be compelled to so declare in this case, were it not for the state of the record on the question of contributory negligence.  There was no evidence offered or introduced that tended to show contributory negligence on the part of the driver of the automobile.  The plaintiff did introduce direct evidence of freedom from contributory negligence.  If, upon this state of the record, the jury had found the plaintiff guilty of contributory negligence, its finding could not stand.  For the same reason, it must be held that the inadvertent error in this instruction was not prejudicial.

II.  Instruction 6 contained also the following:

"Ordinary care by the defendant of his horse would be such care as an ordinarily prudent and careful farmer exercises under like circumstances.  If the ordinary, careful, and prudent

farmer puts his horse in a barn, and shuts and
latches the doors thereto, or puts it in the yard,
properly fenced, and properly closes and secures
the gates, then that would be ordinary care."

2. TRIAL: instruc-
tions: applicabil-
ity to evidence:
unsupported
hypothesis.

Complaint is made of this part of the instruction, in that it submitted to the jury a hypothesis that had no support in the evidence. The evidence for the defendant was that the horse in question had been properly tied and secured in the barn by the defendant's son. There was no claim by the defendant that he had turned the horse into the yard and had closed the gates thereof. It is upon this ground that the defendant complains of the last hypothesis above put forth: "Or puts it in the yard, properly fenced, and properly closes and secures the gates." The defendant's gate was concededly open. If the horse had been turned into the yard, there was nothing to prevent his passing upon the highway. The argument is that this hypothesis led the mind of the jury away from the definite claim of the defendant as to the specific kind of care he had exercised. This argument implies that only the evidence for the defendant was to be considered in the framing of the instructions. The burden of proving negligence was on the plaintiff. The defendant's burden was negative. The plaintiff proved that the horse was upon the highway, and that the defendant's gate was open. The circumstances permitted the inference that the horse had passed out upon the highway from the yard through the gate. If the jury had believed the testimony for the defendant, that the horse had been securely tied and locked in the barn, a verdict must have been returned for the defendant. The credibility of the testimony of the defendant's son was for the jury. The jury had a right to believe, from all the circumstances, that the horse had been left in the yard, rather than in the barn. To that extent, the credibility of the testimony for the defendant failed. There was no impropriety in the form of the instruction in this regard.

III. Complaint is made of the admission of certain testimony on behalf of plaintiff in rebuttal. A witness for defendant had testified to certain circumstances which were quite imma-

3. TRIAL: reception of evidence: immaterial rebuttal. terial. The plaintiff was permitted to introduce a witness to contradict such immaterial evidence. The defendant objected thereto, upon the ground that it was immaterial, and not rebuttal. It was rebuttal. If it was immaterial, it was because the evidence for the defendant was immaterial. If its admission was prejudicial to the defendant, it could be so only because the immaterial evidence admitted for the defendant was prejudicial in his favor. The admission of the testimony complained of was clearly within the sound discretion of the trial court.

We find no prejudicial error in the record. The judgment below is, accordingly, affirmed.—*Affirmed.*

STEVENS, C. J., ARTHUR and FAVILLE, JJ., concur.