J. E. RYAN, Appellee, v. PERRY RENDERING WORKS, Appellant.

No. 41532.

NOVEMBER 22, 1932.

Montgomery, Montgomery & Montgomery and Harry Wifvat, for appellee.

Blake Willis and Putnam, Putnam & Forrest, for appellant.

BLISS, J.—About 11:00 o'clock in the morning of December 26, 1930, the plaintiff was driving a Ford sedan south on State Highway No. 169, a graveled highway running north and south, and intersecting the Lincoln Highway, about a mile and a half south of the place of collision. The graveled roadway on No. 169 was about twenty-two feet wide. At or about the place of the collision was a concrete bridge about twenty-five or thirty feet long, with an eighteen-foot roadway. On each side of the floor of the bridge were solid concrete banisters, three or four feet high, with concrete diagonal wings extending five or six feet beyond the ends of each banister. Plaintiff claims that he was driving at a speed between 40 and 45 miles an hour, but slowed to 25 or 30 miles an hour as he approached and came onto the north end of the bridge, and that just as he came onto the bridge, and when his automobile was not more than a foot from the right or west banister, the Chevrolet truck of

the defendant, proceeding northward, swerved into his automobile and caused the injuries complained of. It was not a head-on collision but a crashing together of the sides of the vehicles. Plaintiff's automobile stopped near the south end of the bridge with the rear of the automobile against the west banister and the body angling southeast across the roadway. The truck left the east side of the road and the ditch and came to rest in a pasture on the west side of the road about 200 feet from the bridge. The driver· of the defendant's truck claims that after he had crossed the bridge and was about 50 feet north of it and on the extreme east side of the road the automobile of the plaintiff swerved into the truck. The driver of the truck testified that he had been proceeding at a speed of about 40 miles an hour, but slowed down for the bridge. Three occupants of another automobile had followed the truck from near ·Ogden west on No. 30 and north on No. 169, and saw the collision when somewhat less than a quarter of a mile south of the bridge. Their automobile had traveled at a speed of about 55 miles an hour and had gained but little on the truck. Both vehicles were badly damaged, and the plaintiff was severely injured. He lost the sight of his left eye, the frontal bone was fractured, the corner of his mouth cut, and he had other minor bruises and cuts. He bled from the right ear, nose, and mouth. He was in the hospital five weeks, during part of which time he was violent and for two weeks recognized no one. He was 31 years old and had been getting $7.00 a day as a pipe line foreman. At the time of the trial he was working, though not as a foreman, and at reduced wages. The jury returned a verdict of $11,678.36 for the plaintiff, which the trial court, on motion of defendant, ordered set aside unless a reduction to $8,500 was accepted by plaintiff. The plaintiff remitted to that amount and judgment was entered therefor.

The defendant denied negligence on its part and specially pleaded that the sole proximate cause of plaintiff's injuries was his own negligence.

Defendant assigns as error the giving of Instruction 5, both taken alone and also in connection with Instruction 6. Instruction 5 and the pertinent part of Instruction 6 are as follows:

"5. Negligence, in a general sense, as used in these instructions, means a failure to exercise that degree of care which a reasonably careful and prudent person would ordinarily exercise under like situation or circumstances, or the doing of an act which a

reasonably careful and prudent person under like circumstances or situations would not have done. Negligence may also consist in doing some act which the law forbids or in the failure to do that which the law commands. There is no fixed standard by which care can be measured and designated, but the term 'ordinary care' means that care and prudence which is exercised by ordinarily careful and prudent persons under like circumstances, and negligence means the want of that kind of care. Contributory negligence is negligence on the part of a person injured which contributes to the injury complained of: that is, the want of ordinary care and prudence on the part of the person injured which contributes directly and proximately to the injury complained of, and but for such negligence on the part of the person injured the injury would not have occurred. It is the law that where a party is injured and such injury is due to his own negligence he cannot recover against the other party even though he may also have been negligent. So a party injured by alleged negligence of another must show that he himself was free from negligence which caused or contributed to the injury complained of. By the term 'proximate cause' is meant that cause which directly and naturally leads to and produces the results complained of, and without which cause the injury would not have occurred.

"6. It is provided by statute in this state, among other things, that 'persons in vehicles, including motor vehicles, meeting each other on the public highway shall give one-half of the traveled way thereof by turning to the right.' * * *"

■ One criticism which appellant makes of Instruction 5 is directed to this sentence: "It is the law that where a party is injured and such injury *is due to his own negligence* he cannot recover against the other party even though he may also have been negligent." (Italics are ours.) Appellant contends that by this sentence being incorporated in the paragraph defining contributory negligence the jury might well have believed that the contributory negligence of the plaintiff necessary to defeat his recovery, must have been such negligence as was *the* proximate cause of the injuries, and not merely a contributing cause. While it would have been better to have placed this sentence in an instruction dealing particularly with the specially pleaded defense that the injuries were caused solely by the plaintiff's negligence, yet we do not believe it has the effect claimed by the appellant. It is a correct statement of the law and was proper to be given in view of the special defense pleaded.

█ Appellant also complains of the last clause in the definition of contributory negligence, to wit: "and but for such negligence on the part of the person injured the injury would not have occurred." The complaint lodged against the use of these words is that they also are a direction to the jury that to bar the recovery of the plaintiff his contributory negligence must have been *the* proximate cause instead of *a* proximate cause. Appellant cites a decision of the Minnesota court, Eichhorn v. Lundin (Minn.), 216 N. W. 537, in support of this assignment of error.

This court, many years ago, in Banning v. Chicago, R. I. & P. Railroad Co., 89 Iowa 74, 81, stated the contributory negligence rule in simple, unambiguous language, which it is difficult to improve upon. We there said:

"* * * if the injured party contributed in any way or in any degree directly to the injury, there can be no recovery."

In many later decisions this statement of the rule has been approved. It has been expressed otherwise and with additional qualifying clauses, and we have held some of these statements not to have been error, but uniformly these additional and explanatory clauses have not added to the clarity of the instruction, and have had a tendency to confuse the jury. If the words complained of had been omitted, the definition would not be subject to appellant's criticism. Does the addition of this clause in any way change the meaning which is already expressed without it? We think that it does, and that the addition of these words has the effect contended for by the appellant. We hold the instruction to be erroneous for that reason.

█ Appellant further complains of and assigns as error the use of the words "negligence may also consist in doing some act which the law forbids or in the failure to do that which the law commands," when read in connection with the first paragraph of Instruction 6. His objection is that by this instruction the jury were told, and must have so understood, that, if they found that the defendant violated the statutory command by failing to give one-half the traveled way to the plaintiff by turning to the right, the defendant was then guilty of negligence as a matter of law. Under our holding in Kisling v. Thierman, 214 Iowa 911, and in a number of preceding cases, the driving of a vehicle on the wrong side of a country highway is only prima-facie evidence of negligence.

We think there is merit to the defendant's contention, and that the error complained of was prejudicial.

Other errors are assigned and argued, but in view of our decision to reverse, we do not discuss them.

The judgment is—Reversed.

STEVENS, C. J., and EVANS, ALBERT, KINDIG, and CLAUSSEN, JJ., concur.