ANNA K. BOBST, Appellee, v. HOXIE TRUCK LINE, Appellant.

No. 43431.

JUNE 19, 1936.

Percival & Wilkinson, and McCoid, McCoid & McCoid, for appellant.

C. B. Hextell, and Daniel J. Gallery, for appellee.

ALBERT, J.—The principal questions raised here have to do with the instructions that were given. To understand the force

and effect of them, it might be well to make a summary of the situation that existed.

Highway No. 169 is a paved highway, 18 feet wide, running north and south from the city of Winterset. About a mile and a half or two miles south of Winterset and on the east side of the road is a farm residence, referred to in the record as the Hermann place. The highway is comparatively level, and at a point about 400 feet south of the Hermann residence it curves to the southwest. The accident hereinafter referred to occurred about in front of the Hermann residence.

The plaintiff, on a clear day, was driving her automobile in a southerly direction, on her own side of the road. One of the trucks of the defendant Hoxie was following her, and overtook the plaintiff's car at a point some distance north of the Hermann residence. The truck turned to the left and passed her car and turned back in front of plaintiff's car some 15 feet beyond it. A car driven by one Koboldt was traveling in a northerly direction on the east side of the same pavement. There was a collision between the Hoxie truck and the Koboldt car, resulting in the Koboldt car's being deflected from its course and between the Hoxie truck and the plaintiff's car, causing a collision between the plaintiff's car and the Koboldt car, which resulted in serious injury to the plaintiff, for which the jury allowed her the sum of $2,000.

The court gave to the jury instruction No. 8, which reads as follows:

"You are instructed that under the law of this state, motor vehicles meeting each other on the public highway shall give one-half the traveled way thereof by turning to the right, and in this case if you find that the defendant's truck, in traveling upon the highway south of Winterset, failed to give one-half of said traveled highway to a motor vehicle or car approaching from the opposite direction, and by reason thereof, a collision occurred between said defendant's truck and the car of Harry Koboldt, and as a result of said collision between said truck and Harry Koboldt's car the Koboldt car was thrown or forced into collision with the car of the plaintiff, and as a result this plaintiff was injured and damaged, and that the collision was the result of the defendant's failure to yield one-half the traveled way thereof, and such failure constituted a proximate cause of the plaintiff's

injuries, then the defendant would be liable to the plaintiff for the resulting damages, and you should return your verdict for the plaintiff in such an amount as you shall find due her in accordance with another instruction herein.''

This instruction submits one of the theories of negligence in the case. It summarizes all the elements that the plaintiff may be required to prove to make a case, and instructs the jury that if these elements and conditions existed, then the plaintiff is entitled to recover. It is fatally defective because it omits the element that the plaintiff must be free from contributory negligence. The fact that at other places in the instructions the jury were told that the plaintiff must be free from contributory negligence does not cure this error where the court in one instruction attempts to summarize all the elements necessary to plaintiff's recovery.

Another assault made on the instruction is that it fails to distinguish between negligence and prima facie evidence of negligence. Counsel dispute much over this question. The writer of this opinion wrote the case of Kisling v. Thierman, 214 Iowa 911, 243 N. W. 552, where we marked out this distinction. We there laid down the general rule that in every case where the driver of an automobile violates any of the statutes of the state or a city ordinance he is guilty of negligence. The one and only exception to this rule, as pointed out in the former part of said opinion, is the provision of section 5020 of the Code of 1931 that the driver shall ''give one-half of the traveled way thereof by turning to the right.'' This exception, however, applies only when traveling outside the limits of a city or town. As the accident in controversy here did occur outside of the limits of the city or town, it is urged that the instruction heretofore set out does not keep this rule of law in mind, and is therefore vulnerable to objection. We think that, reading this instruction as a whole, it is fatally defective in failing to follow the distinction marked out in the Kisling case between negligence and prima facie evidence of negligence.

Instruction No. 9 is also assaulted. It reads as follows:

''The plaintiff claims that at the time and place the operator of the defendant's truck attempted to pass her car, the defendant was negligent in that the said operator failed to keep a lookout for approaching vehicles; and plaintiff also claims that

the defendant was further negligent in that said operator attempted to pass her car in such a manner as to not have sufficient time to clear the highway, that is, he did not have sufficient time to get back onto the right side, or west half of the highway before the defendant's truck and the approaching Koboldt car met; and by reason thereof, the left side of the defendant's truck and the Koboldt car collided on the east or left-hand side of the traveled highway; and as a result of said collision, the course of travel of the Koboldt car was deflected onto the west or left side of the highway, taking into consideration that the Koboldt car was traveling north; and that the Koboldt car suddenly was thrown directly in front of the plaintiff's car, and before she could stop her car, thereby causing the injury and damage complained of. You are instructed that before the operator of the defendant's truck attempted to pass plaintiff's car, it was the duty of said operator, as a reasonably prudent man, in the exercise of ordinary care, to keep a lookout for approaching vehicles; and that while said operator had the right to pass between plaintiff's car and the approaching Koboldt car, still before undertaking to do so, it was the duty of said operator, as a reasonably prudent man, in the exercise of ordinary care, to see to it that he could accomplish such passage with reasonable safety, not only to plaintiff's car, but also that he could get back on the right side, or west half of the highway before he met the approaching Koboldt car; and if, from the evidence, you find that the operator of the defendant's truck, at the time and place he passed the plaintiff's car, did not get his truck back on the right or west half of the highway before he met the Koboldt car, and by reason of said collision, the course of travel of the Koboldt car was deflected over onto the west half of the traveled highway and in front of plaintiff's approaching car, thereby causing the injury and damages complained of, then the defendant would be guilty of negligence; and if you further find that the collision of defendant's truck and the Koboldt car in the manner heretofore stated, and the deflecting of the course of travel of the Koboldt car as claimed by the plaintiff was the proximate cause, or was one of the proximate causes, of the injury and damages to the plaintiff, and if the plaintiff was without contributory negligence, then your verdict should be for the plaintiff.''

This instruction brings in a rather new theory of negligence. The fundamental thought underlying it is that the driver of the Hoxie truck, when he attempted to pass the plaintiff's car, should have acted as a reasonably prudent man and used ordinary care, knowing as he did that the Koboldt car was coming, and that he had a duty to see that he could pass between the two cars with safety not only to himself but to the other two cars; and, using his judgment in relation thereto, he would have had to take into consideration many things—the distance the two cars were apart, together with their respective speeds; the fact that he must, before he reached the Koboldt car, be on his own side of the road; and the fact that the law requires that, when he passed the plaintiff's car, he must not cut in front of her car within a distance of 30 feet. All these matters must have been taken into consideration by him and by the jury, in determining whether or not he exercised ordinary care under the circumstances then existing.

We think the instruction fairly states the law governing under these circumstances and this theory of the case. The defendant urges, however, that the instruction impinges on the rule laid down in the Kisling case. The gist of the instruction is not based on failure to give one-half of the road, but is based on the thought that the question is whether or not, in the light of all the surrounding conditions and circumstances, the truck driver used ordinary care in attempting to pass between the two cars. The fact that he must, under such circumstances, take into consideration that as he advanced he must give the Koboldt car one-half the road is simply an element that he must take into consideration in determining whether he could safely pass between the two cars. We do not think that on the theory under which this case was submitted this instruction is in conflict with the rule laid down in the Kisling case.

■■■ The court had the right to tell the jury in instruction No. 10 that the statutes (Code 1931, section 5022) required the truck not to turn to the right in front of plaintiff's car within less than 30 feet, and that a failure to observe this rule would constitute negligence on the part of the defendant. This was an accurate statement of the law and a matter that the driver of the truck was bound to take into consideration in determining whether he could safely pass between these two cars.

Several other instructions were given in which reference was

made to certain statutes governing traffic on the highways, and the court told the jury that a violation of these provisions was negligence, and rightfully so.

■■■    Instruction No. 7 is as follows:

"Before the plaintiff can recover in this case she must prove, by a preponderance of the evidence,

"1.    That the driver of the defendant's truck was guilty of one or more of the acts of negligence complained of in her petition, and not withdrawn by the court.

"2.    That as a result thereof this plaintiff was injured and damaged, and the amount thereof.

"3.    That the plaintiff herself was free from contributory negligence, that contributed to, or was the proximate cause of such injuries.

"And unless you shall find, by a preponderance of the evidence, that plaintiff has sustained the burden of proving the three items set forth above, then the plaintiff cannot recover, and your verdict should be for the defendant."

It will be noticed in the third subdivision of this instruction that the plaintiff is required to show "that plaintiff herself was free from contributory negligence that contributed to or was the proximate cause of such injuries." This instruction is erroneous because of its including the element of proximate cause. We have so often announced the rule as to what constitutes contributory negligence that it hardly needs citation of authority. In the case of Towberman v. Des Moines City Ry. Co., 202 Iowa 1299, 211 N. W. 854, we reviewed this whole question; and followed it in Stilson v. Ellis, 208 Iowa 1157, 225 N. W. 346, and O'Hara v. Chaplin, 211 Iowa 404, 233 N. W. 516.

In Ryan v. Perry Rendering Works, 215 Iowa 363, 245 N. W. 301, 303, we said, quoting from Banning v. Chicago, R. I. & P. R. Co., 89 Iowa 74, 56 N. W. 277: "If the injured party contributed in any way or in any degree directly to the injury, there can be no recovery."

In the Towberman case we discussed the use of the term "proximate" in defining contributory negligence.

As said in these cases, the element of negligence on the part of the plaintiff which constitutes contributory negligence need not be the proximate cause of the injury. The court, having made this one of the necessary elements of recovery in said in-

struction No. 7, could not remedy the error by other general instructions, as was attempted in this case, saying that the instructions should be considered together.

The reason for holding this instruction erroneous lies in the fact that the burden of proof was on the plaintiff to show that she was free from any act which in any way or in any degree directly contributed to the injury. Attaching to this instruction the words ''or was the proximate cause of such injuries'' narrows the plaintiff's burden, and, in effect, tells the jury that she is required only to show that she was free from any act on her part which was the proximate cause of the injury in order to carry her burden. It is quite apparent, therefore, under this phase of the instruction, that she might have been guilty of acts which in some way or in some degree directly contributed to the injury, and yet, if such acts were not the proximate cause, she still sustained her burden.

▮▮▮ The court, on the complaint of the defendant that the verdict was excessive, made an order that, if the plaintiff saw fit to reduce the verdict to $1,500 within 30 days, the motion for a new trial would be overruled; otherwise a new trial would be granted. The plaintiff filed a remittitur accordingly and elected to accept the $1,500. This practice has met with our approval in so many cases heretofore that it needs no further elaboration, under the circumstances of this case. However, on a retrial the evidence may be different as to the amount of damages than it was on the former trial, and show larger damages. If such a situation arises, the district court will then be free to pass upon any claim of excessive damages, in the event such question arises, and will not be bound by its former action and our approval thereof.

For the error in giving instruction No. 8, the case is reversed.—Reversed.

DONEGAN, C. J., and KINTZINGER, ANDERSON, RICHARDS, HAMILTON, PARSONS, and MITCHELL, JJ., concur.