**Marie R. BAUMAN and Otto Bauman, Appellees,**

v.

**CITY OF WAVERLY, Appellant.**

**No. 53152.**

Supreme Court of Iowa.

Feb. 11, 1969.

Larson & Carr, Charles City, for appellant.

Kildee, Keith, Gallagher, Lybbert & Martin, Waterloo, and William B. Mooney, Waverly, for appellees.

LeGRAND, Justice.

This suit arises under the provisions of chapter 376, Code of Iowa, which authorizes cities to establish and maintain public restrooms. Plaintiffs claim Marie R. Bauman suffered serious personal injuries because of the negligent manner in which this statutory permission was carried out. Her husband Otto Bauman joined as a plaintiff, asking compensation for loss of consortium. Since his claim raises no separate issues on this appeal, we refer to Mrs. Bauman as though she were the sole plaintiff.

The pertinent part of section 376.2, Code, is as follows:

"* * * They [public comfort stations] shall be furnished with suitable, adequate, and sanitary toilets and lavatories, and shall be at all times kept clean, sanitary, and properly heated during cold weather."

Section 376.3 requires each city maintaining public comfort stations to establish a commission having complete supervision over them.

Except for the provision requiring the comfort stations to be kept clean and sanitary, the chapter prescribes no standards by which the commission is required to protect the safety of those using the facilities.

On June 10, 1966, plaintiff and her husband, who live in Charles City, went to Waverly to visit plaintiff's mother. While on this mission, plaintiff had occasion to use the public restroom maintained by defendant city under the statutes just referred to.

It was plaintiff's first visit to these premises. The testimony and pictures introduced as exhibits show the restroom fronts on a public sidewalk and carries a sign identifying it as such a refuge. In addition to the main door, which opens to the inside, there is a screen door which opens to the outside. In order to enter the restroom it is necessary to walk up two steps, each approximately nine inches in height. In leaving, of course, one is required to descend these same two steps.

Plaintiff testified the screen door stuck as she attempted to enter the restroom. She had to pull hard, two or three times, before it opened. When leaving, she again had trouble with the door. She put her shoulder against it and pushed with considerable force. It suddenly "flew open and I flew right out the door and down I went." She further stated, "I missed the step going out with that much force."

Plaintiff sustained serious personal injuries requiring surgery and involving a long period of incapacitation. At the time of trial, plaintiff had not yet completely recovered. There is no dispute about the size of the verdict nor the elements of damage which went into it, and we make no further mention of it.

Defendant has appealed from judgment following an adverse jury verdict and assigns the following errors:

(1) That the trial court erred in not di-recting a verdict because defendant is relieved of liability under the doctrine of governmental immunity;

(2) That plaintiff is barred from recovery because she was guilty of negligence which was a proximate cause of her injuries:

(3) That there is no proof upon which the jury could find negligence on the part of defendant;

(4) That the trial court erred in various instructions to the jury as discussed later in this opinion.

I. We consider first assignments (2) and (3) together since they present related questions of negligence of defendant and that of plaintiff as raised by defendant's affirmative defense.

Defendant insists there was no evidence to submit to the jury concerning the negligence of the city. This argument is based principally on the contention plaintiff was a mere licensee to whom the defendant owed no duty except to refrain from wilfully injuring her and the further assertion the evidence fails to show the alleged

defective condition of the screen door existed for sufficient time to constitute constructive notice to defendant.

■ Defendant's argument that plaintiff is a licensee only is based upon the law applicable to private business establishments whose facilities are used by persons solely for their own convenience. We do not accept that comparison. When a municipality undertakes to establish accommodations for the unrestricted use of the public, its position is not the same as a merchant operating a business for profit. If anything, the city's duty is higher than that owed by a private person to an invitee. This matter was discussed in Lindstrom v. Mason City, 256 Iowa 83, 87, 126 N.W.2d 292, 294, where we said, "The same limitations [exceptions to the liability of the owner of private property to one injured while on that property] do not apply to all persons injured on the property of another. * * As the trial court correctly observed our court has not held that the limitations recognized in business invitee cases are available to a city.

"The nonavailability to a city has not been expressly stated but is clear from our precedents. Most of the cases involve questions of contributory negligence, but it is clear that the conditions under which liability exist are less favorable to a city than to an individual owner or operator." This statement is referred to approvingly in Fetters v. City of Des Moines, 260 Iowa 490, 149 N.W.2d 815, 820.

As to defendant's second claim that there is no evidence from which the jury could find the city had notice, either actual or constructive, of the alleged defective condition of the door we again cite Fetters v. City of Des Moines, supra, and Hovden v. City of Decorah, Iowa, 155 N.W.2d 534, 536, and citations.

The record includes testimony that a former city custodian admitted the door had stuck on previous occasions and he "was going to tighten it up"; that children frequently swung back and forth on the

door causing the end to sag; that the bottom hinge "might be a little loose"; and that the rubber mat on the platform outside the door showed worn spots apparently made as the door was opened and closed.

■ Much of this evidence, it is true, was refuted by defendant's witnesses; but in considering whether the city's motion for directed verdict should have been sustained we view the evidence in the light most favorable to plaintiff. Rule 344(f), (2), Rules of Civil Procedure.

■■ When we apply this standard and when we consider also the rule that the general condition of the screen door is a factor to be kept in mind when determining if the alleged defect had existed for a sufficient time to charge the city with constructive notice, we find there was sufficient evidence to submit the issue of defendant's negligence to the jury. Lorig v. City of Davenport, 99 Iowa 479, 482, 68 N.W. 717; Fetters v. City of Des Moines, and Hovden v. City of Decorah, both supra.

■ Nor can we agree plaintiff was negligent as a matter of law simply because she knew from her experience on entering the restroom that the door stuck. Once in, she faced the practical necessity of getting out. Whether she was negligent in doing so was, under the circumstances, a question for jury determination. Rule 344(f), (10), R.C.P.

We hold the trial court was right in submitting both the question of defendant's negligence and that of plaintiff to the jury.

■ II. Defendant raised various objections to the instructions. We consider only Instruction 12 in detail.

This instruction was as follows:

"In order for the plaintiff, Marie R. Bauman, to recover in this case against the defendant, City of Waverly, the burden is upon her to establish by a greater weight or preponderance of the evidence all of the following propositions:

"1. That the defendant was negligent in one or more of the particulars alleged * *

"2. That the defendant had actual knowledge of the condition of the entrance of which complaint is made, or that such condition had existed for so long a period that the defendant should in the exercise of ordinary care have ascertained such condition before the time of said accident.

"3. That the negligence of the defendant, in one or more of the particulars alleged, was a proximate cause of plaintiff's injuries.

"4. That the plaintiff suffered damages and the amount thereof.

"*If the plaintiff has established all of said propositions numbered 1 to 4 by the greater weight or preponderance of the evidence, then your verdict should be for the plaintiff and against the defendant * * *.*

"If the plaintiff has failed to establish one or more of said propositions numbered 1 to 4 by the greater weight or preponderance of the evidence, then the plaintiff cannot recover." (Emphasis added.)

Objection was made to this instruction because it did not include a direction that plaintiff must be denied recovery if she herself was guilty of negligence which was a proximate cause of the accident. Defendant urges it permitted the jury, upon finding that the four propositions set out had been established, to return a verdict for plaintiff without considering the effect of plaintiff's own negligence on her right to recover.

Before the enactment in 1965 of section 619.17, a plaintiff in an action such as this had the burden of pleading and proving his freedom from contributory negligence. Instructions in negligence cases then included as one of the elements to be proven by plaintiff freedom from contributory negligence which had contributed "in any manner or in any degree" to the injury.

■ Since the change brought about by section 619.17, plaintiff's negligence has

become an affirmative defense to be plead and proved by a defendant who seeks to rely thereon. Furthermore the negligence which will bar recovery is no longer that which contributes in any manner to the injury, but is only such negligence as is a proximate cause thereof.

Recognizing these differences, both procedural and substantive, the Committee on Uniform Jury Instructions of the Iowa State Bar Association recommended a new jury instruction in part as follows:

### "No. 2.2B CONTRIBUTORY NEGLIGENCE—RE: TORTS ARISING ON OR AFTER JULY 4, 1965

"The law of Iowa provides that if a person who has been injured or damaged was himself negligent and such negligence was a proximate cause of his injury or damage, then he cannot recover from another. This is known as the defense of contributory negligence, and the burden of proof of such defense is upon the defendant.

\*       \*       \*       \*       \*       \*

"To sustain this defense, the burden is on the defendant to prove by a preponderance of evidence both of the following propositions:

"1. That the plaintiff himself was negligent in some particular as asserted by the defendant; and

"2. That such negligence was a proximate cause of his injury or damage.

"If the defendant has so proved both of the foregoing propositions, then the plaintiff is not entitled to recover and your verdict should be for the defendant.

"If the defendant has failed to so prove one or more of the foregoing propositions, then you may proceed to consider whether or not the plaintiff is entitled to recover against the defendant in accordance with other instructions herein."

 We hold it imperative that the last two paragraphs of this recommended instruction, or language substantially similar,

be specifically called to the attention of the jury when the trial court undertakes to marshal in one place, as it did in Instruction 12 here, all the elements the jury must find to entitle plaintiff to recover. This may be done by appropriate language in the instruction itself, or by reference to another instruction where there is a claimed defense to plaintiff's case.

 We have not overlooked the general rule that no one instruction need, or can, contain all the law applicable to a case, nor the admonition usually given—as was done here—that the instructions must be read together and related to each other to determine the rights of the parties. Shank v. Wilhite, 256 Iowa 982, 985, 129 N.W.2d 662, 664; Anthes v. Anthes, 258 Iowa 260, 267, 139 N.W.2d 201, 206.

However, that criterion cannot save this instruction, which was an unqualified charge the verdict *should be* for plaintiff upon proof of the four requirements listed therein. The fact the jury was told elsewhere the effect of plaintiff's own negligence on her right to recover does not help. Under the circumstances here this would only serve to confuse the jury. This conclusion is supported by our previous decisions of Flesch v. Schlue, 194 Iowa 1200, 1201, 191 N.W. 63, and Bobst v. Hoxie Truck Line, 221 Iowa 823, 826, 267 N.W. 673, 674.

In these cases we held it was error for the court to attempt to set out in one instruction all the elements necessary for a plaintiff to recover and to omit therefrom the issue of freedom from contributory negligence, even though that was defined in a separate instruction. Of such an instruction we said in the Hoxie case, "It is fatally defective because it omits the element that the plaintiff must be free from contributory negligence. The fact that at other places in the instructions the jury were told that the plaintiff must be free from contributory negligence does not cure this error *where the court in one instruction attempts to summarize all the elements*

*necessary to plaintiff's recovery."* (Emphasis added.)

In the Flesch case, although holding the error was harmless under the particular circumstances, appears this statement, "The error assigned * * * is that, by the foregoing [instruction on what must be established to entitle plaintiff to recover] the trial court ignored the question of contributory negligence * * *. *Other proper instructions were given which did charge the jury that the burden was upon the plaintiff to prove freedom from contributory negligence.* This, however, only put the respective instructions in conflict, and we have repeatedly held that conflicting instructions do not cure each other." (Emphasis added.)

Both those cases dealt with the trial court's failure to include an element which plaintiff was then required to prove—freedom from contributory negligence. However, the rule is equally applicable when the vital matter omitted from such an instruction is an affirmative defense which, if proven, will defeat recovery. Smith v. Middle States Utility Co., 224 Iowa 151, 161, 275 N.W. 158, 163; Hoblit v. Oldemeyer, 229 Iowa 1085, 1091, 296 N.W. 210, 212; See also State v. Wilson, 234 Iowa 60, 89, 11 N.W.2d 737, 751.

The real issue is whether the instructions as given were likely to confuse and mislead the jury. We hold they were and that defendant is entitled to a new trial. Balik v. Flacker, 212 Iowa 1381, 1384, 238 N.W. 467, 468; Clarke v. Hubbell, 249 Iowa 306, 314, 86 N.W.2d 905, 910.

■ Incidentally, although no objection was taken to Instruction 7, we point out this instruction defined contributory negligence as that which "contributes in any way or in any degree directly to an injury." Besides setting out what is no longer the law, this instruction is also in direct conflict with Instruction 10, which explained what negligence on plaintiff's part would bar recovery under section 619.17.

We mention it here only because Instruction 7 and Instruction 10 are in irreconcilable conflict. On re-trial Instruction 7 should not be given.

■ We have considered the objections made by defendant to Instructions 1, 8, 9 and 10 and find no reversible error therein. While we agree the city's obligation did not arise under section 389.12, Code of Iowa, and reference to that statute should have been omitted from Instruction 1, we hold any error here was without prejudice. The trial court correctly instructed on the city's duty of care and, as is more fully discussed in Division III, it is immaterial under the circumstances existing here that such duty arose under chapter 376, Code, rather than section 389.12.

For the reasons stated in this division, Instruction 12 was confusing, misleading and in conflict with other instructions given to the jury. We hold this constitutes reversible error.

III. This leaves for discussion the question of governmental immunity.

Defendant argues it was entitled to a directed verdict because it was engaged in a governmental activity and cannot be held liable for negligence committed during such an undertaking. For the purpose of our discussion we assume that defendant performed a governmental, as opposed to proprietary, function when it availed itself of the permissive authority in chapter 376 to establish and maintain the public comfort station where plaintiff was injured.

We consider and decide this matter on the law as it existed on the date of the accident, although municipal immunity from tort liability was, with certain exceptions, later abolished by chapter 405. Laws of the 62nd General Assembly (chapter 613A, Iowa Code Annotated.)

■ Defendant claims this case must turn on whether a public comfort station is within the term "public squares and commons" in section 389.12, Code of Iowa. If

not, defendant insists the city had no duty to keep it in a safe condition. In other words defendant asserts the city's only responsibility in performing governmental functions is founded on section 389.12.

We agree with defendant that a public comfort station established under chapter 376, Code of Iowa, does not fall within the definition of a public square or common as used in the statute referred to. However, that does not answer our problem. We cannot accept defendant's argument that municipal liability begins and ends with section 389.12.

It must be conceded our pronouncements in this area have not always been consistent. We said in Hall v. Town of Keota, 248 Iowa 131, 135, 79 N.W.2d 784, 786, and repeated in Gorman v. Adams, 259 Iowa 75, 81, 143 N.W.2d 648, 652, "The question of the extent of governmental immunity from liability for torts is a difficult one. That it has perplexed this court for many years is apparent from a study of the many decisions found in our reports. * * We think the governing principle in this class of cases has emerged in our later cases, that it is right in theory and should be followed."

This principle, while it may have "emerged in our later cases," actually had an early inception in Soper v. Henry County, 26 Iowa 264, 268, where we said, "Thus, incorporated cities and towns, * * with power to grade and improve their streets * * * are held liable, *without any statute expressly giving the action*, for injuries caused by unsafe and defective streets." (Emphasis added.)

In Florey v. City of Burlington, 247 Iowa 316, 319, 73 N.W.2d 770, 772, we said, "The municipal corporation is not liable for negligent acts of its employees engaged in performing governmental functions but it is liable, as is a private corporation, for their negligence in performing proprietary duties; and it *is not immune from liability for damages due to dangerous conditions resulting from its own mis-feasance or non-feasance in governmental matters.*" (Emphasis added.) We also said at page 320, "It [municipal immunity] is not complete immunity from judicial accountability such as is accorded the state— *only freedom from the rule of respondeat superior where the servant is engaged in governmental activity.*" (Emphasis added.)

The Florey decision then refers to section 389.12, Code of Iowa, in this manner: "In many of our cases it seems to be assumed the municipal liability for tort springs from the statutory mandate embodied in the last clause of the statute. [section 389.12] We agree however with Judge Dillon's statement [in Soper v. Henry County] above quoted that it arises from the delegation of power and failure to maintain highways and *public premises* in safe condition for use by the public. With equal logic it applies in cases of public parks." (Emphasis added.)

We may add it also applied "with equal logic" to a public restroom established under statutory authority.

This conclusion is fully supported by Soper v. Henry County, supra; Florey v. City of Burlington, supra; Hall v. Town of Keota, supra; Lindstrom v. Mason City, 256 Iowa 83, 126 N.W.2d 292, and Gorman v. Adams, 259 Iowa 75, 143 N.W.2d 648.

These opinions make it clear the city's duty arises because authority and control over a particular activity have been delegated to it. Here the delegation was under chapter 376, rather than section 389.-12. The fact that section 389.12 defines the city's standard of care while chapter 376 does not has no effect on the city's *duty*. It is the *delegation of power* which establishes that.

It must be remembered this action is not bottomed on the doctrine of respondeat superior but on the municipality's own negligence in failing to keep the restroom in a safe condition. The distinction is clearly pointed out in Florey v. City of Burling-

ton, supra, at page 323 of the Iowa Reports, 73 N.W.2d at page 773:

"The decision [Mardis v. City of Des Moines, 240 Iowa 105, 34 N.W.2d 620] aptly illustrates the distinction between cases, on the one hand, of municipal *nonliability* for injury inflicted by public servants while negligently performing their governmental functions, and on the other, municipal *liability* for injury caused by dangerous conditions due to the municipality's own negligent failure to perform its delegated duty. * * * In fact, while not always spelled out, the principle laid down by Judge Dillon [in the Soper case] will be found to underlie and explain most of our cases concerning either streets or parks." (Emphasis in original.)

Here the trial court instructed the jury the city had a duty to use ordinary care in maintaining the premises in a safe condition for those rightfully using them.

This was a correct statement of defendant's obligation. That it arose under chapter 376 rather than section 389.12 was under these circumstances of no importance.

We find no merit in defendant's claim of governmental immunity and hold this case was properly submitted to the jury on the issue of the city's negligence.

For the reasons set out in Division II we reverse and remand this case for a new trial.

Reversed and remanded.

All Justices concur, except GARFIELD, C. J., and SNELL and STUART, JJ., who concur specially.

GARFIELD, Chief Justice (concurring specially).

I concur but would add to Division II of the majority opinion that, as applied to the present case, where as instruction 12 does here, the jury is told in a single instruction that a plaintiff is entitled to recover if he proves the propositions on which he has

the burden and there is an affirmative defense on which defendant has the burden, the instruction must also state that plaintiff is not entitled to recover if the defense is proven.

SNELL and STUART, JJ., join in this special concurrence.