**Russell MANLEY, Appellee,**

**v.**

**John Edward JANSSEN et al., Appellants.**

**No. 55723.**

Supreme Court of Iowa.

Dec. 19, 1973.

Laird, Burington, Bovard & Heiny, Mason City, for appellant John Edward Janssen.

Warren L. DeVries, Mason City, for appellants Kenneth Vanderschaaf and Henry Vanderschaaf.

Linnan & Lynch, Algona, for appellant Richard Gray.

David J. Stein, Milford, for appellee.

Heard before MOORE, C. J., and MASON, RAWLINGS, LeGRAND and UHLENHOPP, JJ.

LeGRAND, Justice.

Plaintiff was awarded $45,000.00 in damages for injuries suffered under rather bizarre circumstances which a jury said imposed liability on all of the defendants. They appeal from judgment entered on that verdict, and we affirm the trial court.

Early in the morning of October 25, 1969, plaintiff was driving a Chevrolet pickup truck north on Highway 17 when he had a flat tire. He drove the truck onto the right (east) shoulder of the road, completely off the travelled portion of the highway. Upon discovery that the jack was inoperative, he attempted to get help from passing traffic.

At this same time, defendants were proceeding south on Highway 17 in a three-car caravan headed for Pella to visit Central College. The lead car was owned and driven by defendant John Edward Janssen. The second car was owned by defendant Henry Vanderschaaf and was driven with his permission by his 17-year-old-son, Kenneth, and the third car was owned and driven by defendant Richard Gray. For convenience, the defendants are hereafter referred to by their surnames.

After more than half an hour of fruitless effort to secure assistance, plaintiff was successful in flagging down the Janssen car. It came to a stop on the west half of the travelled portion of the highway. This was the lane for southbound traffic, the direction in which Janssen was driving. The Vanderschaaf car, following closely behind, also stopped, pulling out to the left of the Janssen car and coming to a stop opposite it in the east half of the highway. This was the lane used for northbound traffic.

After Janssen had come to a stop, or when he was virtually stopped, plaintiff crossed the highway from his position on the east shoulder, passing in front of both the Janssen and Vanderschaaf vehicles. About the time he reached the west shoulder, the Gray car came upon the scene. The southbound lane was then completely blocked by Janssen's car. The northbound lane was completely blocked by Vanderschaaf's car, and the east shoulder was completely blocked by plaintiff's car. Fearful of striking the rear of the Janssen vehicle, Gray pulled his car to the right, attempting to pass that vehicle by using the

west shoulder of the road. He did not see plaintiff, who was standing on the west shoulder or on the west edge of the pavement (a point of some dispute in the evidence), until he was only 15 feet from him. His car struck plaintiff and inflicted the serious injuries for which the $45,000.00 verdict was ultimately awarded.

Plaintiff sued defendants as the drivers and owners of all three vehicles, alleging multiple grounds of negligence. In turn, each of the defendants alleged plaintiff was guilty of contributory negligence which was a proximate cause of the accident and which barred him from recovery. These matters will be discussed at appropriate points throughout this opinion.

Most of the assignments of error deal with the instructions, either those which were given or those which, defendants say, should have been. While some of the errors assigned are common to all defendants, the grounds of appeal differ enough to demand that each be treated separately.

## JANSSEN'S APPEAL

■ As heretofore noted, Janssen was the first one on the scene. He brought his car to a stop for the laudable purpose of lending assistance to plaintiff. It is unfortunate this has led to the trouble in which he now finds himself. However, a person who undertakes to be a Good Samaritan is bound by the same rules of the road as others who use the highway. His good intentions do not relieve him of the obligation to use due care.

Janssen relies on eight assignments of error. Six deal with the alleged contributory negligence of plaintiff; one is concerned with the court's refusal to submit an instruction on sudden emergency; and the last asserts it was error to refuse a request that the jury be allowed to decide if plaintiff was Janssen's guest when the accident occurred.

■ I. We dispose first of the last two assignments. We hold the trial court was correct in ruling there was no evidence to justify submission of sudden emergency to the jury. The record is completely silent as to *any* emergency requiring Janssen to stop. His path was not blocked or impeded in any manner. He could have continued on his way, as others had done for some time before he reached the scene; or, having decided to stop, he could have done so by turning onto the west shoulder of the road. It is undisputed that Janssen's act was completely voluntary. He has failed to point to a single circumstance which supports his claim that a sudden emergency not of his own making required him to stop on the paved portion of the highway.

Sudden emergency has been defined and discussed many times. See Bangs v. Keifer, 174 N.W.2d 372, 374–376 (Iowa 1970); Yost v. Miner, 163 N.W.2d 557, 562 (Iowa 1968); Gibbs v. Wilmeth, 261 Iowa 1015, 1020, 157 N.W.2d 93, 96–97 (1968).

These authorities, and many others like them, say that if there is substantial evidence an emergency existed, the matter should go to the jury. On the other hand, it is equally well settled that an issue without substantial evidentiary support should *not*. See Adams v. Deur, 173 N.W.2d 100, 113 (Iowa 1969); Dopheide v. Schoeppner, 163 N.W.2d 360, 364 (Iowa 1968).

Under this record, the trial court correctly refused to submit the question for jury determination.

■ II. We also agree with the trial court's refusal to instruct on plaintiff's guest status at the time of this accident.

The evidence discloses plaintiff intended to ask Janssen for a ride to Renwick and that Janssen intended to accommodate him. There is some uncertainty as to whether they had yet had any conversation on the subject. However, we do not consider that to be of great significance under the circumstances here.

Only one ground of negligence was submitted on plaintiff's claim against Janssen

—his violation of section 321.354 in stopping on the paved portion of the highway. This act occurred when plaintiff was still on the east side of the road or was just in the act of crossing the highway. There could be no possible claim plaintiff was then a guest.

Giving the evidence its construction most favorable to Janssen, we find the earliest moment such a relationship could be found to exist, if indeed it ever did, was simultaneous with the approach of the Gray vehicle along the west shoulder of the road. At the most only a few seconds separated the accident from those events which Janssen says made plaintiff his guest.

We refuse to indulge in any stop-watch calculation to determine if the intentions of plaintiff and Janssen—perhaps manifested, perhaps not—had culminated in a guest-host status at the time.

We are aware of those decisions in which one has been held to be a guest while entering or alighting from a vehicle as well as when actually riding therein. See Rainsbarger v. Shepherd, 254 Iowa 486, 493, 118 N.W.2d 41, 45, 1 A.L.R.3d 1074, 1080 (1962). Negotiations had not even reached such a stage here. As we said in Rainsbarger, each determination must be made on its own facts. The circumstances here negate such a relationship, and the trial court properly refused an instruction on the issue.

III. Janssen's remaining assignments of error deal with plaintiff's alleged contributory negligence. He urges that the court erred in failing to submit an instruction on plaintiff's alleged negligence in violating two statutory rules—soliciting a ride while standing in a roadway, in violation of section 321.331, The Code, and failing to place red flags, lanterns or reflectors in front and in back of his disabled vehicle, as required by section 321.448, The Code.

■ We believe the trial court was correct in holding such violations, as a matter of law, did not proximately cause the accident. Ordinarily, matters concerning negligence and proximate cause are questions to be submitted to the jury. It is only in exceptional cases when they may be disposed of as a matter of law. Rule 344(f), subd. 10, R.C.P. However, we hold the trial court was correct in its ruling that the exceptional rule applies here.

We have already spoken of the fact that Janssen was not required to stop at all. His stop was voluntary and without compulsion. The record is completely devoid of any evidence from which it could be found that plaintiff's conduct in crossing the road after Janssen had stopped (or after he had started to bring his car to a stop) or that his failure to place red flags, lanterns or reflectors at the front and rear of his truck had any possible causal relationship to the accident. Janssen saw plaintiff's truck on the shoulder of the road and saw Manley standing beside it. In fact, that is why he stopped. The presence of signals would have added nothing to the information Janssen already had.

■ We agree with the trial court that there must be "more than mere speculation or conjecture to support a submissible issue." There is not a scintilla of evidence that plaintiff's conduct in the particulars heretofore set out had any causal connection with the accident.

■ IV. Janssen next asserts the trial court erred in refusing to submit the claim plaintiff was negligent in leaving a place of safety for one of known danger. The evidence fails to support that charge. We fail to see how plaintiff's position when he crossed to the west side of the road was any worse—or better—than if he had stayed on the east side. It may be conceded one is unavoidably subject to certain hazards when stranded on a highway where traffic moves swiftly in both directions. However, how can it be said one side of the road was safe and the other dangerous under the circumstances shown here?

We are not sure if Janssen seriously argues the additional fact that plaintiff, in a final effort to avoid being struck, jumped or moved a few feet as Gray's car bore down upon him. In any event, such argument is without merit.

We have no quarrel with the authorities cited to support this theory. See Taylor v. City of Sibley, 238 Iowa 1010, 1017, 29 N.W.2d 251, 254 (1947); Richards v. Begenstos, 237 Iowa 398, 410, 21 N.W.2d 23, 29 (1945). However, they do nothing for Janssen under the facts of this case.

V. Janssen's final complaint deals with the failure of the trial court to include in the instruction on plaintiff's contributory negligence a detailed recitation of plaintiff's conduct from the time his car became disabled until the accident itself. We believe such an instruction would have been clearly improper.

It is claimed there was error in refusing to submit to the jury the allegation that plaintiff was negligent in "gesturing the defendant Janssen to stop in that area of the highway under the conditions then and there existing, in crossing the highway in front of the Janssen vehicle, in engaging or attempting to engage defendant Janssen in conversation, in preparing to enter the Janssen vehicle and in otherwise detaining him while he was parked on the west half of the travelled portion of the road immediately prior to the accident, when the plaintiff knew that his vehicle was parked on the east shoulder and there was vehicular traffic coming from the north and travelling south on said highway."

In instructing on the defense that plaintiff was guilty of contributory negligence, the trial court included this charge:

"A pedestrian on a highway is under duty to keep a proper lookout for vehicles using the highway. Proper lookout does not require a constant lookout for approaching vehicles, but requires such watchfulness of the traffic that an ordinarily prudent person would exercise under the circumstances, and a failure to do so constitutes negligence. When crossing a highway that pedestrians do not ordinarily use, ordinary care may require a greater vigilance. A pedestrian is also under a duty to exercise reasonable care for his own safety, and a failure to do so constitutes negligence. This general duty includes a duty to exercise reasonable care by using his senses of perception and his knowledge and judgment to avoid hazards or to expose himself to danger."

No objection was taken to this instruction except that Janssen wanted it expanded to set out each act which might have been found to be a failure to exercise "greater vigilance" or a failure to "use his senses of perception and his knowledge and judgment to avoid hazards or expose himself to danger."

■■ We hold the instruction was sufficient as given. Ordinarily instructions should not attempt a review or summarize the evidence. Without so holding, we mention the requested instruction, if given, might have been objectionable as a comment on the evidence or as unduly emphasizing evidence favorable to one party. These circumstances were matters for argument to the jury, and we have no doubt that able counsel made full use of them for that purpose.

Since we find no reversible error in the issues raised, we affirm the judgment against Janssen.

### VANDERSCHAAFS' APPEAL

VI. The Vanderschaafs allege three errors which they say entitle them to a reversal. They are:

(1) Refusal to submit as a ground of plaintiff's negligence his failure to place red flags, lanterns or reflectors in front and in back of his disabled vehicle as required by section 321.448, The Code;

(2) Refusal to give defendants an instruction on sudden emergency; and

(3) Submission to the jury of the defendant's alleged negligence in violating section 321.354, The Code.

VII. The first assignment—refusal to submit violation of section 321.448 as a ground of plaintiff's negligence—was also raised by Janssen and rejected by us earlier in this opinion. What we said there is determinative here. Vanderschaaf was not entitled to have this issue submitted.

■ VIII. Vanderschaaf's second complaint has also been foreclosed by our holding on the same issue in Janssen's appeal. It deals with sudden emergency. If anything, Vanderschaaf's position is even weaker than Janssen's. He testified he stopped only because Janssen did. He also said plaintiff in no way interfered with his progress. Like Janssen, Vanderschaaf could have continued on or stopped in a place of safety off the portion of the highway reserved for travel. The trial court correctly so held.

IX. Vanderschaaf's final assignment is equally without merit. In it he argues the trial court erred in submitting to the jury the alleged violation of section ·321.354, The Code, which forbids a motorist to "stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main travelled part of the highway" when it is practical to stop, park, or leave it off that part of the highway.

Vanderschaaf does not complain of the manner in which the instruction was given but says the issue should not have been submitted at all because there is no evidence in the record to support it.

■ We hold there was ample evidence to justify submission of this specification. Vanderschaaf stopped so that his vehicle entirely blocked one half of the paved portion of the highway. It was this action which deprived Gray a short time later of an escape route when he was unable to stop in time to avoid the Janssen car.

The trial court was clearly right in letting the jury pass on this point. Stimmel v. Johnson, 199 N.W.2d 356, 361 (Iowa 1972); Cook v. Clark, 186 N.W.2d 645, 648 (Iowa 1971).

Finding no reversible error in the issues raised by Vanderschaaf, we affirm that judgment also.

### GRAY'S APPEAL

X. We come now to consider the issues raised by Gray's appeal. He sets out six assignments of error, which raise the following four issues:

(1) Failure of the trial court to submit as a specification of plaintiff's negligence his violation of section 321.328, The Code;

(2) Failure to direct a verdict on the ground the evidence shows as a matter of law plaintiff was guilty of contributory negligence;

(3) Error in submitting an instruction on the assured-clear-distance-ahead speed rule; and

(4) Error in giving instructions dealing with specifications of negligence based on violations of statutory rules of the road without incorporating therein the doctrine of sudden emergency as a legal excuse for such alleged violations.

The first two deal with plaintiff's contributory negligence, the last two with Gray's own negligence.

■ XI. The complaints concerning the provisions of section 321.328 were raised throughout the trial in various ways. All such objections raise the single issue that plaintiff's alleged violation of this statute should have been submitted to the jury for its determination. The pertinent portion of the statute provides as follows:

"Every pedestrian crossing a roadway at any point other than within a marked crosswalk * * * shall yield the right of way to all vehicles upon the roadway * * *."

We have said that a violation of this statute without legal excuse is negligence per se. Hedges v. Conder, 166 N.W.2d 844, 851 (Iowa 1969).

The circumstances under which this complaint is made are important to its consideration. Janssen came along first and stopped his car on the southbound lane of traffic. Vanderschaaf appeared next and stopped his car in the northbound lane of traffic. Plaintiff crossed the road in front of these two vehicles before Gray arrived. Neither Janssen nor Vanderschaaf claims any violation of this statute on plaintiff's part. The evidence is conclusive that his crossing did not impede them in any way. There is not a single word of evidence in this record that plaintiff failed to yield the right-of-way to either of these vehicles, the only ones affected by his conduct.

We do not say that Gray may not raise this issue because Janssen and Vanderschaaf did not do so nor that a failure to yield to either of them, if supported by the evidence, could not be relied on by Gray. We say only that their failure to claim plaintiff failed to yield the right-of-way is significant and serves to support our conclusion there is no evidence upon which this specification could have been submitted to the jury.

Gray argues vigorously to the contrary, relying on principles and authorities which are beyond dispute. See Hedges v. Conder, supra. But this in no way weakens the rule there must be an evidentiary basis for finding both that the statute was violated and that such violation was a proximate cause of the accident. The trial court properly held there was no such evidence here.

XII. Gray also argues he was entitled to a directed verdict because the evidence shows as a matter of law plaintiff was guilty of contributory negligence in leaving a place of safety for a place of known danger. We have already discussed and rejected this claim in Janssen's appeal. See Division IV and the authorities cited.

What we said there is dispositive of the issue here, particularly since the matter is raised only in a motion for directed verdict and a ruling favorable to Gray would necessitate a finding plaintiff had violated this standard of due care as a matter of law. From what we said in Division IV it is apparent we cannot do so.

We hold the trial court correctly ruled Gray was not entitled to a directed verdict.

XIII. Gray also objects to the instruction which submitted to the jury the issue of his negligence because he was driving at a speed greater than would permit him to stop within the assured clear distance ahead.

Although raised here, that matter was not the basis of his objection to the trial court. We set out in full the objection there made to the instruction now challenged:

"This defendant excepts to Instruction No. 11 [on assured clear distance ahead] and makes the same exceptions to Instruction No. 12 [on passing on the shoulder] because in said Instructions the court tells the jury that if this defendant fails to comply with the statutory provisions set forth therein that this defendant would be guilty of negligence without qualifying it by saying unless shown legal excuse as set forth in Instruction No. 13."

We have held over and over that Rule 196, R.C.P., limits our review to objections presented to the trial court. Objections cannot be first raised on appeal. Pose v. Roosevelt Hotel Company, 208 N.W.2d 19, 25 (Iowa 1973); Elkader Co-op Company v. Matt, 204 N.W.2d 873, 876 (Iowa 1973).

■ It is obvious the objection set out did not dispute the propriety of submitting that specification of negligence to the jury. That issue is not properly before us and we give it no consideration.

■ XIV. The last issue raised by Gray is alleged error in instructions 11

(violation of the assured clear distance ahead statute) and 12 (overtaking and passing on the right shoulder) because the trial court failed to include the doctrine of sudden emergency upon which Gray relied as a defense.

It must be borne in mind the trial court *gave* a sudden emergency instruction. Gray does not object to the form of that instruction. He says only that it was misleading and confusing because it was given separately, not as a part of the instructions on statutory violations of rules of the road.

Gray urges us to reverse because the failure to include the charge on sudden emergency in the instructions explaining the negligence alleged to have been committed was necessarily confusing and misleading. He relies heavily on Bauman v. City of Waverly, 164 N.W.2d 840 (Iowa 1969).

Defendant's complaint is without merit. The attempt to liken this case to Bauman v. City of Waverly, supra, fails because the cases are easily distinguishable.

In Bauman, we held an instruction which told a jury what the plaintiff must have proven in order to recover was erroneous because it failed to qualify that *instruction, either there or elsewhere,* by a reference to the defense of contributory negligence. We held the instructions were thereby rendered confusing and misleading. We said there at 164 N.W.2d at 845:

> "We hold it imperative that the last two paragraphs of this recommended instruction [dealing with contributory negligence], or language substantially similar, be specifically called to the attention of the jury when the trial court undertakes to marshal in one place, as it did in in-

struction 12 here, all the elements the jury must find to entitle plaintiff to recover. *This may be done by appropriate language in the instruction itself, or by reference to another instruction where there is a claimed defense to plaintiff's case."* (Emphasis added.)

Obviously *Bauman* contemplated the very practice which the trial court followed here. First, he set out the claimed statutory violations. Then, in the instruction immediately following, he set up the defensive matter upon which defendant relied. In doing so he carefully referred back to each of the other two instructions.

This is precisely what *Bauman* failed to do, and it is the very reason we disapproved the instructions in that case. We have frequently said no one instruction can embrace all the law of a case. We have also said instructions must be read and considered together. Pose v. Roosevelt Hotel Company, supra, 208 N.W.2d at 22, Bauman v. City of Waverly, supra, 164 N. W.2d at 845. The order and sequence in which they are arranged for continuity and clarity are matters which necessarily lie within the trial court's discretion. Frequently lawyers believe—sometimes with good cause, sometimes not—they could do the job better; but unfortunately it is not theirs to do. We find no merit in the objection raised in this division.

Finding no reversible error in the matters presented by Gray's appeal, the judgment against him is affirmed.

XV. In conclusion we hold the judgments against all defendants should be and they hereby are—

Affirmed.